IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS – SPRINGFIELD DIVISION

CHUNG CHUI WAN, )
)
    Petitioner, )
)
v. )
) No.: 3:20-cv-03233
MICHEL DALE DEBOLT, )
)
    Respondent. )

## MOTION FOR ACCESS AND EXPEDITED HEARING

Petitioner CHUNG CHUI WAN ("Wan"), by her attorneys, FEINBERG SHARMA, P.C., hereby moves, pursuant to the Hague Convention on the Civil Aspects of International Child Abduction, Article 7(b) (the "Convention:"), and the International Child Abduction Remedies Act, 22 U.S.C. § 9004, that the Court enter an order (1) requiring Respondent Michel Dale Debolt ("Michel") to allow her unsupervised access to the parties' two children whom Michel has abducted to the United States, and (2) setting a schedule for an expedited hearing on Wan's Petition for Return herein. In support hereof, Wan states:

    1.    This action is brought by Wan, a citizen of Hong Kong, to secure the return of her two children, T.D., age 9, and A.D., age 8 (the "Children"), who have been wrongfully retained in the Central District of Illinois, Windsor, Illinois, by Michel, her husband and the Children's father. The Children's habitual residence is Hong Kong, inasmuch as they were born in Hong Kong, are citizens of Hong Kong and the United States, and have resided exclusively in Hong Kong for the entirety of their lives.

    2.    Michel brought the Children to the United States in July 2020, purportedly on a vacation to visit his family members in Illinois. Since August 19, 2020, instead of

{00409315.DOCX}

returning the children to Wan in Hong Kong as he had represented to Wan that he would, he has retained the children in Illinois without Wan's consent or acquiescence.

### Need for Access

3. Since August 19, 2020, Michel has permitted Wan to have only limited access to the Children, only by electronic means and always monitored by him. He controls and censors Wan's communication with the Children in the following (non-exclusive) ways:

    a. He will not permit the Children to have any private conversation with Wan;

    b. He will not permit the Children to speak to Wan in Cantonese (on the ground that otherwise he would be unable to correct her "lies");

    c. He contradicts Wan (in the presence of the Children) whenever she says anything he disagrees with;

    d. He denigrates Wan (in the presence of the Children) by calling her a liar, which the Children repeat to Wan;

    e. He shows the Children Wan's WhatsApp messages to him and tells them that the messages are written by Wan's lawyers; and

    f. He has shown the Children Wan's Petition for Return in this action.

4. Based on the Children's statements to Wan, Michel tells the Children that:

    a. Wan has made threats against them if they do not return to Hong Kong;

    b. Wan has a "drinking problem";

    c. Hong Kong is "dangerous" and does not allow freedom of speech, as a result of which T.D. has told Wan he fears that he will be "arrested" by the Communists if he returns to Hong Kong;

    d. If the Children return to Hong Kong, they will not see Michel anymore as Wan will limit his access;

    e. Wan is mean to Michel's relatives;

  f. Wan is not in the United States with the Children because she only cares about making money;

  g. Wan is "forcing" the Children to return to Hong Kong because she places her job above their own safety; and

  h. Wan only cares about herself and has never done anything for the children.

 5. Further, Michel often schedules physical activities for the Children immediately prior to Wan's access to them. As such, the Children are often exhausted or in an irritable mood during Wan's access.

## Need for Expedited Hearing

 6. Michel is employing his wrongful retention of the Children in Illinois to alienate them from Wan and to indoctrinate them with invidious comparisons between the political systems of the United States and Hong Kong, as described above. Michel's actions have caused a marked deterioration in Wan's relationship with the Children.

 7. In addition, the Children will suffer irreparable harm because of the interruption of their education in Hong Kong caused by Michel's wrongful retention of them.

 8. In Hong Kong, there are primary schools (grades 1-6) and secondary schools (grades 7-12). The quality of secondary schools varies greatly. Students from the top secondary schools often attend top universities in Hong Kong and abroad, whereas those at the bottom often do not finish school.

 9. The allocation of a place at secondary school is determined by a child's school results in P.5 and P.6. The higher the score, the better the school. The secondary school placement is highly competitive. P.5 is the year when school children are studying at full speed.

10. The more T.D. misses school in Hong Kong, the less likely it is that he will achieve the results necessary for a desirable secondary school placement. Moreover, the medium of instruction at his primary school is Chinese, to which he has no exposure in school in Illinois.

11. Article 11 of the Convention directs that the Court, as the judicial authority of the United States, should reach a decision within six weeks of the commencement of this action.

## Conclusion

For these reasons, the Court should enter orders (1) setting a schedule for Wan's access to the Children and providing for such access to be unsupervised and not monitored by Michael and (2) scheduling an expedited hearing on the merits of this Verified Complaint requiring Respondent to show cause at this hearing why the Children should not be returned to Hong Kong.

/s/ Joy M. Feinberg
Joy M. Feinberg

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 2nd day of October 2020, a copy of the foregoing Petitioner's Motion for Access and Expedited Hearing has been filed electronically, and it is available for viewing and downloading for all counsel of record via ECF.

/s/ Joy M. Feinberg
Joy M. Feinberg

## VERIFICATION

Pursuant to 28 U.S.C. § 1746, I hereby certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

_____  in Hong Kong   Date: 2 October 2020
CHUNG CHUI WAN, Petitioner

FEINBERG SHARMA, P.C.
Attorneys for Petitioner
Joy M. Feinberg
Reuben Bernick, *of counsel*
2 N. LaSalle St., Suite 1600
Chicago, IL 60602
(312) 376-8860
*Notices@FSfamlaw.com*

{00409315.DOCX}                    Page **5** of **5**