E-FILED
Friday, 09 October, 2020  03:09:27 PM
Clerk, U.S. District Court, ILCD

## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS, SPRINGFIELD DIVISION

CHUNG CHUI WAN,      )
                              )
        Petitioner,     )
                              )    Case Number: 3:20-cv-3233
      v.          )
                              )
MICHEL DALE DEBOLT,   )
                              )
        Respondent.   )

### RESPONDENT'S RESPONSE TO MOTION
### FOR ACCESS AND EXPEDITED HEARING

Now comes Respondent, MICHEL DALE DEBOLT ("**Michel**"), by and through his attorneys, Beermann LLP and Feldman Wasser, states as follows for his Response to the Motion of the Petitioner, CHUNG CHUI WAN ("**Wan**") for Access and Expedited Hearing (Docket #9):

### RESPONSE[1]

1.    Wan's amorphous request for "access" is a thinly veiled request for relief which falls squarely within the purview of the parties' divorce action presently pending in state court and well outside the remedies available under ICARA. See *In re the Marriage of Debolt and Wan*, Shelby County, Illinois Case No. 2020 D 35

2.    Wan brings her Motion pursuant to section 9004 of ICARA, which provides that this Court may take measures "to protect the well-being of the child involved or to prevent the child's further removal or concealment before the final disposition of the petition." 22 U.S.C.A. § 9004(a).

3.    Nothing in the plain language of section 9004 supports Wan's vague request for "access." Nor should it be read to. ICARA is not a means to adjudicate custodial disputes. See

---

[1] By filing this Response, Michel does not waive, but categorically preserves, all arguments raised in his Motion to Dismiss Petitioner's Hague Petition and in his Memorandum in Support thereof. (Docket #14, 15).

*Ortiz v. Martinez*, 789 F.3d 722, 728 (7th Cir. 2015) ("A court's role in enforcing the Convention is not to settle a custody dispute between the parties"); *Khan v. Fatima*, 680 F.3d 781, 790 (7th Cir. 2012) ("The basic premise of the Hague Convention is to protect the best interests of all children by removing the incentive to abduct children involved in custody disputes…without attempting to determine merits of the underlying custody dispute."); *In re Marriage of Milne*, 2018 IL App (2d) 180091, ¶ 26 ("The Hague Convention…is not intended to settle custody disputes").

4.       As such, Wan's specious accusations regarding Michel's alleged conduct have no place before this Court. *Garcia v. Pinelo*, 122 F. Supp. 3d 765, 785 (N.D. Ill. 2015) ("To allow the conduct of the parents to affect the resolution of a petition for return would come dangerously close to deciding the underlying merits of the custody dispute.").

5.       To the extent this Court is inclined to consider Wan's request for access, there is still no basis to grant her requested relief under section 9004 because, simply put, the parties' children are not in immediate danger, not at risk of being placed in danger, and are not being concealed from their mother. They are healthy, happy, and well-adjusted to their home and school in Illinois, as Wan is well aware.

6.       Since coming to Illinois in July, 2020, with Wan's agreement, Wan has enjoyed daily video calls with the children, without oversight or monitoring by Michel, as frequently as Wan wishes. The children are free to go into their bedroom, close the door and have a private conversation with Wan at any time, and Wan has in fact asked them to do this on occasion during her daily calls with them.  Indeed, Michel coordinates these calls and often must urge the children to speak with their mother, even when they are reluctant to do so, and for good reason, as Wan has done everything in her power to use the children as pawns in this matter. By way of

example, but not limitation:

a.  Wan has told the children on multiple occasions that she will "throw out their toys" if they do not return to Hong Kong, prompting the parties' son (TD) to tell Michel on September 21, 2020 (his birthday) that he was "tired of mommy blackmailing me;"

b.  Wan has used her daily calls with the children to repeatedly bully them, including on August 19, 2020 (when she called the parties' daughter (AD) a "coward" for telling Wan that AD did not want to come back to Hong Kong) and September 23, 2020 (when she told TD he should choose between his mother and father in order to resolve the current situation), with the children left distraught and often sobbing after such calls;

c.  Wan has told the children that their grandparents (Michel's parents) are bad people, including telling the children (falsely) that Michel's father once put a gun to Michel's head and that Michel's mother spreads rumors that Michel's father infects his mother with diseases;

d.  Wan has told the children, on more than one occasion, that it is acceptable to lie, including telling AD on the evening of August 17, 2020 that "Even in court, honesty is not always the right answer;"

e.  Wan has only attempted to speak to the children in Cantonese on very few occasions, seemingly only so that she could speak negatively about Michel (or his family) without him being able to understand what she was saying;

f.  Wan has repeatedly lied to the children, including about her alcohol use, falsely telling them on August 29, 2020 that she has stopped drinking when, in

fact, she has not;

g.  Wan has regularly talked to the children about the legal actions she is pursuing during her daily calls with them, beginning as early as August 8, 2020 (when she told TD that such actions "will be very expensive and waste money and energy" and make Wan "extremely angry", leaving TD sobbing after the call) to as recently as October 6, 2020 (when Wan told TD she intends "to drag daddy [Michel] before the judge");

h.  Wan has told the children on multiple occasions that attending school in Illinois is not important or required and that Wan should be allowed to take them out of their school in Illinois for two weeks when she visits;

i.  Wan has told the children that the schools in Illinois are substantially inferior to those in Hong Kong and the children's ability to get into university in the future will be harmed by the time they spend in Illinois schools, causing particular distress to TD.

7.      In short, Michel denies Wan's baseless accusations regarding his conduct towards the children, and especially denies that his conduct is in any way harmful to them.

8.      That said, to the extent that Wan seeks access to the children during the pendency of this matter on a formal schedule, Michel is amenable to the same and will agree to do so in conjunction with the State court case.

9.      Rather than consuming this Court's resources resolving a matter which is far outside its purview—even if the Hague Convention applies—Michel respectfully submits that the parties, both of whom are represented by able counsel, can and should be capable of resolving these issues outside of court, and that any court order should be entered in the State

court case.

10. Michel has no objection to scheduling a pre-trial conference in this matter.

11. As for Wan's request for an expedited hearing on the merits of her Petition, insofar as the parties are not even at issue, her request that this Court not just conduct a trial, but "reach a decision within six weeks of the commencement of this action," by October 20, 2020, is simply untenable.

WHEREFORE, Respondent, MICHEL DALE DEBOLT, respectfully requests that this Court deny the relief sought in Petitioner's Motion for Access and Expedited Hearing.

Respectfully Submitted,

**MICHEL DALE DEBOLT**

By: /s/ *Matthew D. Elster*
One of His Attorneys

| | |
|---|---|
| Shana Vitek | Howard W. Feldman |
| Matthew D. Elster | John S.M. Morse |
| **BEERMANN LLP** | **FELDMAN WASSER** |
| 161 North Clark Street, Suite 3000 | 1307 South 7th Street |
| Chicago, IL  60601 | Springfield, IL 62703 |
| (312) 621-9700 | (217) 544-3403 |
| (312) 621-0909 – Fax | (217) 544-1593 – Fax |
| slvitek@beermannlaw.com | hfeldman@feldmanwasser.com |
| mdelster@beermannlaw.com | jmorse@feldmanwasser.com |

## **VERIFICATION**

I, MICHEL DALE DEBOLT, declare under penalty of perjury under the laws of the United States of America that the statements contained in the foregoing are true and correct.

_____
MICHEL DALE DEBOLT

Executed on October 9, 2020

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 9th day of October, 2020, a copy of the attached document was filed via the court's CM/ECF system, which will send electronic notice to all counsel of record who have appeared in this case.

 /s/ *Matthew D. Elster*