IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS, SPRINGFIELD DIVISION

| | |
|---|---|
| CHUNG CHUI WAN, | ) |
| Plaintiff, | ) ) ) |
| -vs- | ) )  No. 20-cv-3233 |
| MICHEL DALE DEBOLT, | ) ) ) |
| Defendant. | ) |

SCHEDULING ORDER

Pursuant to Rule 16(b) of the Federal Rules of Civil Procedure, a scheduling conference was held on November 18, 2020 with Attorneys Reuben Bernick, Joy Feinberg, Shana Vitek, Howard Feldman, and Matthew Elster.   TIME LIMITS AND SETTINGS ARE ORDERED AS FOLLOWS:

1. Initial disclosures under Rule 26 to be made by November 25, 2020.

2. No motions to amend the pleadings to be filed after December 7, 2020.

3. Parties shall propound written discovery by November 25, 2020.   Answers to written discovery shall be completed by December 16,

2020.   The parties shall disclose lay witnesses by December 16, 2020, depositions by January 18, 2021.

    4.    Parties are to identify testifying experts by December 7, 2020, provide Rule 26 expert reports by January 6, 2020, depositions by February 12, 2021.   Rebuttal expert reports due January 27, 2021.

    5.    All discovery, including depositions of experts, is to be completed by February 12, 2021.

    6.    Telephonic status hearing to discuss the setting of settlement conference or mediation scheduled Thursday, February 11, 2021, at 10:30 a.m. before U.S. Magistrate Judge Schanzle-Haskins (Court will place call.)

    7.    Motions to compel and other motions relating to discovery shall be pursued in a diligent and timely manner, but in no event filed more than sixty (60) days following the event (e.g. failure to answer interrogatories, objections to request for production, etc.) that is the subject of the motion. The parties are required to meet and confer on the discovery dispute as required by Rule 37(a) within the 60-day period.   Except for good cause shown, any discovery motion that is not timely filed and any discovery motion that is filed after the discovery deadline will not be considered by the Court.   If a motion to compel discovery is found by the Court to be

time-barred, the moving party is prohibited from making a subsequent discovery request for the discovery which the Court has found to be time-barred.   All motions to compel must contain the certification required by Rule 37 that the parties met and conferred and attempted to resolve the discovery dispute.   If the certification is not included, the motion to compel will be denied.

    8.    The parties have until February 19, 2021 to file dispositive motions.   No dispositive motions filed after that date will be considered by the Court.

    9.    Final pre-trial conference and trial dates will be set by U.S. District Judge Sue E. Myerscough.

    10.    Mediation will be hosted by U.S. Magistrate Judge Tom Schanzle-Haskins at the joint request of the parties.   Attached is his memorandum concerning mediation.

    11.    If the parties consent to trial before U.S. Magistrate Judge Schanzle-Haskins, the final pre-trial date and trial date may be changed to a firm earlier trial date as Judge Schanzle-Haskins has no trailing civil trial calendar and no responsibility for criminal felony trials.

12. Evidence Presentation Equipment: Attached is an information sheet describing the evidence presentation equipment which can be made available to attorneys and *pro se* litigants in the four active District Judges' courtrooms.

13. Electronically stored information that can reasonably be anticipated to be relevant to the litigation will be preserved. The primary source of electronically stored information for production should be active data and information used in the ordinary course of business.

14. The parties are directed to meet and confer concerning provisions for discovery or disclosure of electronically stored information. If the parties <u>cannot</u> agree upon a process / procedure for the discovery of electronically stored information, a status report with proposals for the discovery of electronically stored information shall be filed with the Court by December 7, 2020.   For the Court to order a search, the requesting party will need to demonstrate that the need and relevancy of the material outweigh the cost and burden of retrieving and processing the electronically stored information from such sources, including the disruption of business and the information management activities. When balancing the cost, burden, and need for electronically stored information, the Court and the

parties will apply the proportionality standards embodied in Federal Rules of Civil Procedure 26(b)(1) and (b)(2)(C), as well as consider the technological feasibility and realistic costs of preserving, retrieving, reviewing, and producing electronically stored information.

15. The following categories of ESI generally are not discoverable in most cases, and if any party intends to request the preservation or production of these categories, then that intention should be discussed at the meet and confer conference:

    a. "deleted", "slack", "fragmented", or "unallocated" data on hard drives;

    b. random access memory (RAM) or other ephemeral data;

    c. on-line access data such as temporary internet files, history, cache, cookies, etc.;

    d. data in metadata fields that are frequently updated automatically, such as last-opened dates;

    e. backup data that is substantially duplicative of data that is more accessible elsewhere; and,

    f. other forms of ESI whose preservation requires extraordinary affirmative measures that are not utilized in the ordinary

course of business.

16.   The production of privileged or work-product protected documents, electronically stored information (ESI), or information, whether inadvertent or otherwise, is not a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This order shall be interpreted to provide the maximum protection allowed by Federal Rule of Civil Procedure 502(d). Nothing contained herein is intended to, or shall serve to, limit a party's right to conduct a review of documents, ESI, or information for relevance, responsiveness, and/or segregation of privileged and/or protected information before production.

NOTE: A CONTINUANCE OF THE TRIAL DATE AND/OR FINAL PRE-TRIAL DATE, DOES <u>NOT</u> ALTER OR EXTEND ANY OF THE OTHER ABOVE DATES.

ENTERED:   November 18, 2020

_____s/ Tom Schanzle-Haskins_____
TOM SCHANZLE-HASKINS
UNITED STATES MAGISTRATE JUDGE