IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| CHUNG CHUI WAN | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 20-cv-3233 |
| | ) | |
| MICHEL DALE DEBOLT | ) | |
| | ) | |
| Respondent. | ) | |

### ORDER

**SUE E. MYERSCOUGH, U.S. District Judge:**

On November 23, 2020, the Court held a pretrial hearing, at which several issues were discussed. A summary of the hearing and the Court's rulings as well as additional orders from the Court are below.

On November 18, 2020, Magistrate Judge Tom Schanzle-Haskins entered the Scheduling Order in this case, which did not set the final pretrial conference and bench trial dates. Petitioner has requested an expedited final pretrial conference and bench trial. As such, the Court sets this matter for expedited final pretrial conference on March 22, 2020, at 2:30 p.m. and expedited bench trial on March 30, 2021 at 9:00 a.m. The parties agreed they are

available on those dates.  Considering the expedited dates and the current dispositive motion deadline of February 19, 2021, the Court sets an expedited dispositive motion briefing schedule as follows: (1) responding party has seven days to file a response brief to a dispositive motion, and (2) movant has four days to file a reply brief in support of the dispositive motion.

The Court discussed with the parties issues related to discovery.  Petitioner stated that whether she calls witnesses at trial depends on several issues, including whether Respondent agrees that Hong Kong is the children's habitual residence, both parents are exercising custodial rights at the time of retention in the United States, and Respondent's retention of the children in the United States after August 17, 2020 was without consent or agreement of Petitioner.  Respondent's attorney agreed to consult with Respondent about these issues, then discuss potential agreements with Petitioner's attorney.  Moreover, the parties agree to compromise on a parenting agreement for Petitioner during the pendency of the case upon her return to the United States.

Additionally, the topic of retaining experts was discussed. Respondent intends to retain two experts relating to the grave risk

of harm to the children. Petitioner requested the Court or guardian ad litem choose one expert to reduce the amount of time the children have to spend with the experts. The Court suggested that each party submit potential experts on this issue to the GAL and the Court for consideration. Petitioner's attorney stated that she defers to the GAL to determine potential experts because he is more familiar with the geographic region. Respondent's attorney agreed to submit proposed experts to the GAL and the Court. Therefore, Respondent will submit proposed experts to the GAL, the GAL will consider Respondent's proposal as well as any other experts the GAL finds competent on the subject matter. Respondent is DIRECTED to submit to the GAL by Wednesday, November 25, 2020, any proposed experts on the matter of grave risk of harm to the children. The GAL is DIRECTED to submit to the Court by Wednesday, December 2, 2020, a list of potential experts. The parties shall comply with the expert deadlines in the Scheduling Order.

Petitioner requested that Respondent relinquish control of his passport during the pendency of the case. The GAL advised that Respondent relinquishing control of his passport is not necessary

because the GAL has not sensed from Respondent that Respondent is likely to flee.  Therefore, Petitioner's request is denied.

Lastly, the Court discussed with the parties the topic of mediation.  Respondent is amenable to private mediation.  Petitioner stated that the parties originally discussed mediation and felt mediation would not be successful.  However, the GAL's report is suggestive that mediation could be helpful.  At the hearing, the GAL advised that the parents' attempting mediation would be in the best interest of the children.   Therefore, the Court ORDERS the parties engage in private mediation or mediation with the magistrate judge.  Respondent's attorney, Howard Feldman, is DIRECTED to submit to counsel of record by December 7, 2020, a list of potential mediators.  Parties are DIRECTED to choose a mediator by December 9, 2020.

**ENTERED: November 24, 2020.**

**FOR THE COURT:**

          *s/ Sue E. Myerscough*
          **SUE E. MYERSCOUGH**
          **UNITED STATES DISTRICT JUDGE**