IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS, SPRINGFIELD DIVISION

| | |
|---|---|
| CHUNG CHUI WAN, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. 20-cv-3233 |
| MICHEL DALE DEBOLT, | ) ) ) |
| Defendant. | ) |

## OPINION

TOM SCHANZLE-HASKINS, U.S. MAGISTRATE JUDGE:

This matter comes before the Court on Defendant Michel Dale Debolt's Motion to Amend the Scheduling Order (d/e 57) (Motion). For the reasons set forth below, the Motion is ALLOWED in part.

BACKGROUND

Plaintiff Chung Chui Wan and Debolt are the mother and father of minor children T.D., age 9, and A.D., age 8 (Children). Wan lives in Hong Kong, China. Up until July 18, 2020, the children resided in Hong Kong. On July 18, 2020, Debolt brought the Children to Shelbyville, Illinois. Wan brought this action under the Convention on the Civil Aspect of International Children Abduction and 22 U.S.C. § 9001 et seq, to have the Children returned to her in Hong Kong. See Verified Complaint and Petition for Return of the Minor Children in Accordance with the Hague

Convention and Motion for Expedited Return and Hearing *Instanter* (d/e 1) ¶¶ 1-9; Answer to Verified Complaint and Petition for Return of the Minor Children in Accordance with the Hague Convention and Motion for Expedited Return and Hearing *Instanter* (d/e 27) ¶¶ 1-9.

On November 18, 2020, this Court entered the Scheduling Order (d/e 33) directing the parties to identify experts by December 7, 2020, provide expert reports by January 6, 2020, and rebuttal reports by January 27, 2021. The Scheduling Order directed the parties to complete expert depositions by February 12, 2021. All discovery is to be completed by February 12, 2021, and dispositive motions are to be filed by February 19, 2021. Scheduling Order ¶¶ 4, 5, 8. On November 24, 2020, the District Court set an expedited schedule for briefing dispositive motions. The District Court further set the final pretrial conference for March 22, 2021, and the bench trial for March 30, 2021. Order entered November 24, 2020 (38).

Wan subsequently asked the Court to dispense with dispositive motions and move up the trial date. Motion to Amend Scheduling Order (d/e 49). The District Court reset the trial date to March 23, 2021 but did not change the schedule for dispositive motions. Minute Entry entered December 18, 2020; Text Order entered December 18, 2020.

Debolt disclosed psychologist Dr. Alan Jaffe, Psy.D, as an expert witness.  Dr. Jaffe needed to meet with the Children separately and then with Debolt before making his report.  See Motion ¶ 7.  The parties subsequently discussed using one psychological expert in the case.  Wan states that Debolt stated that he had already begun the evaluation process with Dr. Jaffe and so would not agree to have only one psychological expert.  Response to Motion to Amend Scheduling Order (d/e 59) (Response), at 2.

On December 14, 2020, Wan's counsel informed Debolt's counsel that Wan intended to come to the United States to visit with the Children over the Christmas school break.  The District Court entered an order granting Wan exclusive parenting time with the Children from December 26, 2020 until January 10, 2021.  Wan would have the children in Chicago, Illinois during this time.  Sealed Order entered December 29, 2020 (d/e 56).

On December 23, 2020, Debolt's counsel proposed to Wan's counsel to extend the time to provide expert reports to January 27, 2021.  Debolt's counsel proposed the extension to allow Dr. Jaffe time to meet with the Children after Wan's exclusive parenting time ended on January 10, 2021.  On December 28, 2020 Wan's counsel proposed that Dr. Jaffe meet with the Children alone during the time they were with Wan in Chicago but

would not agree to an extension.  On December 31, 2020, Wan's counsel suggested scheduling the meeting with Dr. Jaffe on January 6, 7, or 8, 2021, and agreed to a one-week extension of the date to file reports to January 13, 2021.  On December 31, 2020, Debolt filed the Motion.  On January 5, 2021, Debolt's counsel stated that the Children had been scheduled to meet with Dr. Jaffe on January 13, 2021.  On January 7, 2021, Wan filed her opposition to the Motion.  <u>Response</u>, <u>attached correspondence between counsel</u>.

## ANALYSIS

Debolt asks the Court to amend the discovery schedule to extend the due date for expert reports to January 27, 2021 and extend the other discovery deadlines and the dispositive motion deadline by 14 days each.  Debolt must demonstrate due diligence and good cause to amend the Scheduling Order.  <u>Scheduling Order</u> Fed. R. Civ. P. 16(b)(4); Local Rule 16.2(D).  Debolt's good cause is the fact that on December 14, 2020, after the entry of the Scheduling Order, Wan requested and secured exclusive parenting time with the Children from December 26, 2020 to January 10, 2021.  Debolt argues he needs the extension so that Dr. Jaffe could interview the Children after Wan's exclusive parenting time ends on January 10, 2021.  The Court finds that the request after the entry of the

Scheduling Order for Wan to see her children over Christmas is good cause to give Debolt additional time to secure Dr. Jaffe's report. The Court further finds that Debolt acted with due diligence given the compressed time frames.

Wan argues that Debolt has failed to show good cause. She argues that she agreed to allow Dr. Jaffe to interview the Children in Chicago on January 6, 7, or 8 and complete his interview and a week extension to January 13, 2021 to complete his report. She argues that he failed to demonstrate good cause in light of these facts. The Court disagrees. On January 5, 2021, counsel for Debolt informed Wan's counsel that Dr. Jaffe could not see the Children until January 13, 2021. The one-week extension, therefore, would not work. The change in circumstances after the entry of the Scheduling Order in which Wan was granted exclusive parenting time with the Children is good cause to give Debolt additional time to secure Dr. Jaffe's report. Further, Debolt acted with due diligence to try to resolve the effect of the change in circumstances on his ability to secure the expert report.

The Court, however, will only extend the dispositive motion date to March 1, 2021. The District Court has already ordered responses to dispositive motions within seven days of filing and replies within four days

of filing the response.  Order entered November 24, 2020 (d/e 38), at 2. Any dispositive motions should be briefed by March 11, 2021.  Given the expedited nature of this proceeding, this timeframe will give the District Court sufficient time to review and determine the merits of any dispositive motion before trial.

THEREFORE, IT IS ORDERED that Defendant Michel Dale Debolt's Motion to Amend the Scheduling Order (d/e 57) is ALLOWED in part.  The Scheduling Order is amended as follows:  the date to provide expert reports is extended to January 27, 2021; the date to provide rebuttal reports is extended to February 10, 2021; the deadline to complete expert depositions is extended to February 24, 2021; and the date to file dispositive motions is extended to March 1, 2021.

ENTER:   January 13, 2021

*s/ Tom Schanzle-Haskins*
TOM SCHANZLE-HASKINS
UNITED STATES MAGISTRATE JUDGE