IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| IN RE: THE MARRIAGE OF: ) | |
| ) | |
| CHUNG CHUI WAN, ) | |
| ) | |
| *Petitioner*, ) | |
| ) | |
| and ) | No. 3:20- cv – 03233 – SEM - TSH |
| ) | |
| MICHEL DALE DEBOLT, ) | |
| ) | |
| *Respondent*. ) | |

**MOTION TO QUASH SUBPOENAS TO
DAVID SHAMBAUGH AND THE GEORGE WASHINGTON UNIVERSITY**

Respondent, MICHEL DALE DEBOLT, by his attorneys, BEERMANN LLP and FELDMAN WASSER, moves the Court pursuant to Federal Rule of Civil Procedure 45(d)(3)(iii) to quash the subpoenas issued by the Petitioner, CHUNG CHUI WAN, to Petitioner's former testifying expert (since withdrawn), David Shambaugh, and his employer, the George Washington University ("**GWU**"), on January 8, 2021. In support thereof, Michel states as follows:

1.     Michel seeks to quash the two subpoenas issued by Wan to David Shambaugh and to his employer because (a) Professor Shambaugh is no longer an expert witness who will testify at trial, but, rather, is now solely a consulting expert for Michel, and, accordingly, (b) any facts within his possession related to these proceedings are immune from discovery.

2.     David Shambaugh is a professor at the George Washington University who Michel initially retained to provide litigation support and consulting services and also to provide an expert opinion and to testify at the trial, if requested.

3. On December 8, 2020, Michel identified Professor Shambaugh in his Rule 26 Expert Disclosures as an expert who was intended to testify at trial.

4. On January 5, 2021, Michel's counsel and Professor Shambaugh agreed that Professor Shambaugh would not testify, but instead would serve solely as a consultant for this litigation.

5. The following day, Michel's attorneys served Respondent's Amended Expert Disclosures Pursuant to Rule 26 which omitted Professor Shambaugh as a disclosed testifying expert and substituted Dr. Phil Chan in his stead.[1]

6. That same day, counsel for Michel informed counsel for Wan, via telephone and e-mail, that they would not be calling Professor Shambaugh as a witness.[2]

7. Professor Shambaugh did not author a report in this matter, did not sit for his deposition, has not offered any testimony, and is no longer intended to testify.

8. On Friday, January 8, 2021, in response to Michel's Amended Expert Disclosures Wan issued two subpoenas, one to Professor Shambaugh himself and one to GWU, both seeking all correspondence between Professor Shambaugh and Michel.[3]

9. While the subpoenas demand the production of documents by January 15, 2021, as of the date of filing of this motion, Wan has not filed any Proof of Service of her subpoenas with this Court.

10. On Monday, January 11, 2021, counsel for Michel emailed counsel for Wan advising him, again, that Michel was not going to call Professor Shambaugh as a witness and requesting that he withdraw his subpoenas. Wan's counsel refused, asserting that an amendment

---

[1] A copy of Michel's Amended Expert Disclosures is attached hereto as **Exhibit A**.
[2] A copy of this email is attached hereto as **Exhibit B**.
[3] Copies of these subpoenas are attached hereto as **Exhibit C.**

to a witness disclosure constituted "exceptional circumstances" within the meaning of Rule 26(b)(4)(D) and suggesting that communications between Michel and Professor Shambaugh "bear[] on Respondent's ability to show good cause to amend his Rule 26 disclosures."[4]

11. Federal Rule 26(b)(1) limits the scope of discovery to "nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." To that end, Rule 26(b)(4) places limitations on the information discoverable from experts, both those who will testify and those who will not.

12. With respect to the latter, courts have interpreted Rule 26(b)(4) as shielding "a witness who was identified as a testifying expert, but never produced a report or provided testimony." *Davis v. Carmel Clay Sch.*, 1:11-CV-00771-SEB, 2013 WL 2159476, 2013 U.S. Dist. LEXIS 70251 at *2–3 (S.D. Ind. May 17, 2013). See also *Dameron v. Mercy Hospital*, 2020 IL 125219 (relying on *Davis* and concluding that, under Illinois law, the redesignation of a testifying witness to a consultant shields him from discovery).

13. In *Davis*, the court held that a witness who had been formally identified as a testifying expert, but who had not yet produced a report could be redesignated as a consulting expert. 2013 WL 2159476, 2013 U.S. Dist. LEXIS 70251 at *7. Interpreting the mandate of Rule 26, the *Davis* court concluded that:

> both the disclosure of the name of the expert as well as the expert's required report is necessary to fully disclose a testifying expert under Fed. R. Civ. P. 26 and comply with that Rule. The Court also agrees that parties are entitled to change their minds and decide not to use an expert to testify at trial. *** Defendant did not disclose any testimony or expert opinions in the form of a report from [the expert witness]. Moreover, Plaintiff has shown no reliance upon Defendant's expert disclosure *** that would result in any prejudice to Plaintiff. As a result, the only means by which Plaintiff is entitled to conduct discovery of [the redesignated expert witness] is the 'exceptional circumstances' exception of Rule 26(b)(4)(D).

---

[4] Copies of these emails are attached hereto as **Exhibit D**.

*Davis.* at *7.

14.   In reaching this result, the *Davis* Court examined the Seventh Circuit case of *SEC v. Koenig*, 557 F.3d 736 (7th Cir. 2009) and its progeny, all of which stand for the proposition that *once an expert is fully disclosed—named and issued a report*—he or she is no longer protected by Rule 26.

15.   The defendant in *Koenig* hired an expert, identified him as a testifying expert, produced his report, and the presented the expert for his deposition by the plaintiff, the Securities and Exchange Commission. After all of this, the defendant did not call the expert at trial or introduce his report, but the SEC introduced the expert's videotaped deposition at trial. On appeal, Koenig argued that the district court should have excluded the expert's evidence because the SEC had not included the expert on its preliminary witness lists, before the end of discovery. Rejecting this argument, the *Koenig* court reasoned that:

> A witness identified as a testimonial expert is available to either side; such a person can't be transformed *after the report has been disclosed*, and a deposition conducted, to the status of a trial-preparation expert whose identity and views may be concealed. See Fed.R.Civ.P. 26(b)(4)(B). *Disclosure of the report ends the opportunity to invoke confidentiality*. (Emphasis added.)
> *Koenig*, 557 F.3d at 744.

16.   Following *Koenig*, other courts within this Circuit have reached the same conclusion, holding that "a party may not use Rule 26(b)(4)(B) to shield from deposition an expert who has been identified as a testifying expert *and whose report has been produced*." (Emphasis added.) *Hartford Fire Ins. Co., Inc. v. Transgroup Exp., Inc.*, 09 C 3473, 2009 WL 2916832, at *3 (N.D. Ill. Sept. 1, 2009) (adopting magistrate judge's recommendations in 264 F.R.D. 382, 383 (N.D. Ill. 2009)).

17. Courts of other circuits have adhered to a similar rule. Recognizing that "the overwhelming majority of courts hold that a party may re-designate an expert as non-testifying, and that this insulates the expert from deposition by other parties absent a showing of 'exceptional circumstances,'" the Sixth Circuit in *R.C. Olmstead* affirmed the trial court's decision barring the deposition of a non-testifying expert. *R.C. Olmstead, Inc., v. CU Interface, LLC*, 606 F.3d 262, 272 (6th Cir. 2010). In so holding, the *R.C. Olmstead* court cited to Rule 26's 1970 advisory committee notes, which provide:

> Past judicial restrictions on discovery of an adversary's expert, particularly as to his opinions, reflect the fear that one side will benefit unduly from the other's better preparation. The procedure established in subsection (b)(4)(A) holds the risk to a minimum. ***Discovery is limited to trial witnesses, and may be obtained only at a time when the parties know who their expert witnesses will be***. ***A party must as a practical matter prepare his own case in advance of that time, for he can hardly hope to build his case out of his opponent's experts***. (Emphasis added.)
> Fed. R. Civ. P. 26.

See also *S. Fifth Towers, LLC v. Aspen Ins. UK, Ltd.*, No. 3:15-CV-151-CRS, 2016 WL 11200224, at *6 (W.D. Ky. Jan. 13, 2016) (granting motion to quash subpoena to expert who was withdrawn as a disclosed testifying expert prior to a written report or testimony).

18. The common thread running through these cases is that a party cannot unring the bell. Once an expert is identified *and* his report disclosed, the party who disclosed that expert cannot shield him from discovery through redesignation.

19. However, as explained in *Davis*, the converse is equally true. Where, as here, a redesignated witness has not provided any testimony and has not offered any expert opinions, that expert is shielded from discovery as the party seeking discovery, Wan in this case, cannot credibly claim she relied upon the mere identification of Professor Shambaugh—as opposed to his opinions—to her detriment.

20. Nor can she credibly claim that her request for communications between Michel and Professor Shambaugh falls within the "exceptional circumstances" exception of Rule 26(b)(4)(D), which provides that a party may only seek discovery from a non-testifying expert "on showing exceptional circumstances under which it is impracticable for the party to obtain facts or opinions on the same subject by other means." Fed. R. Civ. P. 26(b)(4)(D).

21. Here, of course, Wan is seeking, via subpoena, communications between a non-testifying expert and a party to this case. Based on the foregoing, Wan cannot establish her entitlement to communications between Michel and his non-testifying expert. They are shielded from discovery.

22. Accordingly, pursuant to Rule 45(d)(3)(A)(iii), the quashing of her two subpoenas is required insofar as they "require[] the disclosure of privileged or other protected matter, if no exception or waiver applies."

WHEREFORE, Respondent, MICHEL DALE DEBOLT, respectfully requests that the Court quash the subpoenas issued by the Petitioner to David Shambaugh and to the George Washington University on January 8, 2021, bar Wan from seeking further discovery from Professor Shambaugh, and grant him such other and further relief as this Court deems appropriate.

**MICHEL DEBOLT**

By: /s/ Matthew D. Elster
    One of His Attorneys

Shana L. Vitek
Matthew D. Elster
Beermann LLP
161 N. Clark Street, Suite 3000
Chicago, IL 60601
312-621-9700
mdelster@beermannlaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that on this 13th day of January, 2021, a copy of the attached document was filed via the court's CM/ECF system, which will send electronic notice to all counsel of record who have appeared in this case.

/s/ *Matthew D. Elster*