IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| IN RE: THE MARRIAGE OF: | ) | |
| | ) | |
| CHUNG CHUI WAN, | ) | |
| | ) | |
| *Petitioner*, | ) | |
| | ) | |
| and | ) | No. 3:20- cv – 03233 – SEM - TSH |
| | ) | |
| MICHEL DALE DEBOLT, | ) | |
| | ) | |
| *Respondent*. | ) | |

**MOTION FOR LEAVE TO SUBSTITUTE EXPERT
IN RESPONDENT'S RULE 26 EXPERT DISCLOSURE**

Now comes Respondent, MICHEL DALE DEBOLT ("**Michel**"), by and through his attorneys, Feldman Wasser and Beermann LLP, and pursuant to Federal Rule of Civil Procedure 26(a)(2) (Fed. R. Civ. P. 26(a)(2)), moves to amend his timely Rule 26 Expert Disclosure served December 8, 2020, by substituting testifying expert Dr. Phil Chan for Professor David Shambaugh. In support thereof, Michel states as follows:

**INTRODUCTION**

1. On December 8, 2020, Michel timely disclosed Professor David Shambaugh as an expert witness to opine on the political and civil unrest in Hong Kong relevant to the minor children's physical and emotional safety if ordered to return to Hong Kong. On January 4, 2021, after this disclosure, but prior to the expert report deadline, Michel became aware Professor Shambaugh no longer believed himself qualified to opine on the issues presented by this case. On January 6, 2021, Michel tendered an amended Rule 26 disclosure to Wan, removing Professor

Shambaugh as an expert witness and substituting Dr. Phil C.W. Chan in his place.

2. Other than the identity of the expert, no substantive changes were made as to the subject matter of the expert's testimony contained in the Rule 26 disclosure. Michel also timely tendered Dr. Chan's expert report to Wan that same day—January 6, 2021(the due date then in effect for disclosure of expert reports). The January 13, 2021 order extended the deadline for tendering expert reports to January 27, 2021, which makes the previously tendered Chan report three weeks early.

3. Michel has missed no disclosure deadlines and the circumstances necessitating this change in experts were not anticipated. The change in the identity of Michel's expert witness on Hong Kong does not impact any trial deadlines, does not delay expert discovery, does not change any substantive arguments to be advanced by Michel at trial, and does not prejudice Wan in any way.

4. Nevertheless, Wan objects to the amended expert disclosure substituting in Dr. Chan on purely technical, rather than substantive grounds, and the parties have reached an impasse on this discovery issue. Accordingly, Michel seeks leave of court, to the extent leave is required, to substitute the identity of Michel's Hong Kong expert. Michel's actions in doing so are justified and Wan would suffer no harm.

## BACKGROUND

5. Wan filed her Hague Petition on September 8, 2020. Trial in this matter is set to commence on Mach 23, 2021 before Judge Sue E. Myerscough.

6. On November 18, 2020, a comprehensive scheduling order ("Scheduling Order") was entered in this matter. (Dkt. 33).

7. The Scheduling Order required the parties to identify testifying experts on

December 7, 2020, which deadline was extended by agreement to December 8, 2020. It further provided a deadline of January 6, 2021 for the disclosure of expert reports and a discovery closure date of February 12, 2021.

8. On January 13, 2021, the Court entered an order extending the expert report deadline to January 27, 2021 and the expert deposition deadline from February 12, 2021 to February 24, 2021 (Dkt. 60).

9. Paragraph seven of the Scheduling Order provides, in pertinent part, that:

> motions relating to discovery shall be pursued in a diligent manner, but in no event filed more than sixty (60) days following the event (e.g. failure to answer interrogatories, objections to request for production, etc.) that is the subject of the motion. The parties are required to meet and confer on the discovery dispute as required by Rule 37(a) within the 60-day period. Except for good cause shown, any discovery motion that is not timely filed and any discovery motion that is filed after the discovery deadline will not be considered by the Court.

10. In accordance with the Scheduling Order, on December 8, 2020, Michel timely served his expert witness disclosures on Wan's counsel, identifying two expert witnesses, one of whom was Professor David Shambaugh, who Michel disclosed as an expert on Hong Kong issues. (Dkt 46).[1]

11. With respect to Professor Shambaugh, Michel disclosed, in pertinent part, that he:

> will testify regarding his opinions concerning all matters germane to this case including, but not limited to, the issue of grave risk of harm and the violations of fundamental freedoms and human rights that may occur in the event of this family's return to Hong Kong. He will testify regarding his report in this matter, including all collateral contacts and resources. He will testify regarding his Curriculum Vitae which is provided separately, and his experience and qualifications as an expert. He may testify as a rebuttal witness related to any reports, testimony and/or evidence presented by the Petitioner.

---

[1] A copy of Michel's December 8, 2020 Expert Witness Disclosure is attached hereto as **Exhibit A**.

12. In late December 2020, Michel began to suspect that Professor Shambaugh lacked the level of expertise originally communicated, at which time counsel for Michel commenced a search for another expert who would have the requisite qualifications, resulting in the retention of Dr. Chan on January 1, 2021.

13. On January 4, 2021, Michel became aware Professor Shambaugh no longer believed himself qualified to offer an expert opinion, confirming the need to replace Professor Shambaugh as Michel's testifying Hong Kong expert.

14. The next day, January 5, 2021, Michel's counsel and Professor Shambaugh agreed Professor Shambaugh would not testify, but instead would serve solely as a consultant for this litigation.

15. On January 6, 2021, Michel served an amended expert witness disclosure on Wan's counsel, substituting Dr. Chan for Professor Shambaugh as Michael's expert witness. (Dkt. 58).[2]

16. Michel's amended expert disclosure mirrored his original in all material respects, save the identification of Dr. Chan in place of Professor Shambaugh and those particulars specific to Dr. Chan's background.

17. The subject matter of Dr. Chan's anticipated testimony, as set forth in Michel's amended disclosure, is identical to that of Professor Shambaugh. Michel disclosed that Dr. Chan:

> will testify regarding his opinions concerning all matters germane to this case including, but not limited to, the issue of grave risk of harm and the violations of fundamental freedoms and human rights that may occur in the event of this family's return to Hong Kong. He will testify regarding his report in this matter, including all collateral contacts and resources. He will testify regarding his Curriculum Vitae which is provided separately, and his experience and qualifications as an expert. He may testify as a rebuttal witness related to any reports, testimony and/or evidence presented by the Petitioner.

---

[2] A copy of Michel's January 6, 2021 Amended Expert Witness Disclosure is attached hereto as **Exhibit B**.

18. Michel tendered Dr. Chan's expert report on January 6, 2021, in full compliance with the deadline set forth in the Scheduling Order (and three weeks before the amended deadline set forth in this Court's January 13, 2021 Order).

19. Thereafter, on January 11, 2021, Wan's counsel objected to Michel's removal of Professor Shambaugh as a testifying expert and substitution of Dr. Chan in his stead, despite the subject matter of their proposed testimony remaining identical in all respects and the timely identification of a Hong Kong expert (initially Professor Shambaugh) and the timely report of Dr. Chan.

20. After consultation with Wan's counsel regarding this discovery dispute, the parties have been unable to reach a resolution and are at an impasse. Accordingly, to the extent such leave is necessary, Michel seeks leave of this Court to substitute the identity of his Hong Kong expert naming Dr. Chan in place of Professor Shambaugh.

21. Michel brings this matter before the court just two days after an accord could not be reached in an effort to diligently pursue a resolution of this matter and within the 60-day period contemplated by paragraph 7 of the Scheduling Order.

**ARGUMENT**

22. As our Supreme Court held in *Hickman* decades ago, discovery in civil cases is designed to ensure that trials are not "carried on in the dark" and to permit "the parties to obtain the fullest possible knowledge of the issues and facts before trial." *Hickman v. Taylor*, 329 U.S. 495, 501 (1947).

23. To that end, Federal Rule 26(2)(A) provides "a party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705." Fed. R. Civ. P. 26(2)(A).

24. In this matter, Michel timely disclosed an expert on Hong Kong issues and, most important, timely disclosed an expert report. Although the substitution of Dr. Chan for Professor Shambaugh occurred after the due date for identifying experts, Michel substantially complied with the Rules in that (a) the subject matter of Dr. Chan's testimony was timely disclosed (since it was the same as that disclosed for Professor Shambaugh) and (b) the details of Dr. Chan's opinions were undeniably disclosed by the due date for expert reports.

25. Even if the substitution of Dr. Chan for Professor Shambaugh is somehow equated with a "nondisclosure"—and Dr. Chan is treated as a previously "undisclosed witness" under Rule 37(c)— the Rules should be applied to allow substitution given Michel's substantial compliance with the Rules and the Court's deadlines. A party may not be barred under Rule 37(c) from presenting expert testimony based on a Rule 26(a) violation unless the court finds a party's failure to comply with Rule 26(a) was *both* unjustified and harmful to the opposing party. (Fed. R. Civ. P. 37(c)(1)). See *id.*; see also *Sherrod v. Lingle*, 223 F. 3d 605, 612 (7th Cir. 2000).

26. In making such a determination, the district court should consider: "(1) the prejudice or surprise to the party against whom the evidence is offered; (2) the ability of the party to cure the prejudice; (3) the likelihood of disruption to the trial; and (4) the bad faith or willfulness involved in not disclosing the evidence at an earlier date." *David v. Caterpillar, Inc.*, 324 F. 3d 851, 857 (7th Cir. 2003).

27. Moreover, even if a discovery sanction is warranted— which it is not in this case— it should be proportionate to the infraction. *Sherrod*, 223 F. 3d at 612.

28. As the Seventh Circuit pointed out in *Sherrod*,

> expert witness discovery rules are designed to aid the court in its fact-finding mission by allowing both sides to prepare their case adequately and efficiently and to prevent the tactic of surprise from affecting the outcome of the case. See Fed.R.Civ.P. 26(a)(2)

> advisory committee's note (stating that expert disclosure rule intended to give opposing parties 'reasonable opportunity to prepare for effective cross examination and perhaps arrange for expert testimony from other witnesses.') (Citations omitted.)
> *Id.* at 613.

29. Application of the four factors in the instant case compels allowing Michel's substitution of Dr. Chan for Professor Shambaugh. This is particularly true given the gravity of the issues raised in Wan's Petition, and the need for this Court to have the benefit of all relevant information as it determines whether the physical and emotional safety of two minor children would be jeopardized by an order requiring their return to Hong Kong.

30. In less compelling circumstances, courts have allowed undisclosed expert witnesses to testify at trial. See *Id.* 612-23 (reversing the district court's denial of the party's untimely request to supplement preliminary expert reports finding the imposition of the drastic sanction resulting in dismissal of the case unjustified for reasons including no unfair surprise that would hamper the other party's case preparation, the trial being a long way off, and both sides creating the discovery issues which, in part, lead to confusion as to the disclosure deadline); see also *Meyer v. St. John's Hospital of the Hospital Sisters of the Third Order of St. Francis*, No. 15-3313, 2017 WL 1404314, at *4 (C.D. Ill. Apr. 19, 2017) (allowing expert witness opinion testimony not timely disclosed finding any error harmless with the amendment of the scheduling order to allow the other party an opportunity to disclose a responsive expert); see also *Padilla v. Beard*, No. 214CV01118KJMCKD, 2017 WL 1354565, at *2-3, (E.D. Cal. Apr. 13, 2017) (allowing the party's substitute expert witness finding substantial justification and no harm citing cases finding substantial justification where witness's unavailability is beyond the party's control followed by prompt disclosure upon learning of the unavailability and no harm where the opposing party is not deprived of the opportunity to discover what a witness may say during trial testimony). Here,

Michel has timely identified a Hong Kong expert and seeks only to change the name of that expert keeping the previously disclosed subject matter of the trial testimony the same.

31. This is not a case of trial by ambush where a party attempts to identify an expert witness or disclose their report at the eleventh hour. To the contrary, Michel took all steps to avoid any delay in this matter as well as any harm or prejudice to Wan, including identifying a Hong Kong expert by the December 8, 2020 disclosure deadline, promptly identifying Dr. Chan as a substitute Hong Kong expert when the need for substitution arose, and tendering Dr. Chan's report by the initial January 6, 2021 deadline set forth in the scheduling order, which has since been extended to January 27, 2021. The timely disclosure of Dr. Chan's report should be dispositive.

32. There is no prejudice or surprise to Wan here. She received timely notice that Michel intended to call an expert who would opine on the political and civil unrest in Hong Kong. While the name of the disclosed expert and certain details regarding that expert's background have slightly changed, as set forth above, the subject matter of the expert trial testimony initially disclosed remains identical in all material respects. The substitution of Dr. Chan for Professor Shambaugh does nothing to change the substance or direction of the position Michel has maintained throughout this matter, since Professor Shambaugh never provided a report or testimony for Wan to rely on. The first report Wan was given was Dr. Chan's *timely* report. That would have been the same timely report she would have received if Dr. Chan had been the initially disclosed Hong Kong expert.

33. Given that Michel timely identified a Hong Kong expert and timely tendered Dr. Chan's report, and given that Wan, who never sought to depose Professor Shambaugh prior to his withdrawal as an expert, still has over a month to depose Dr. Chan and react to his report (the same amount of post-report time she would have had to depose Dr. Shambaugh and react to a

Shambaugh report), Wan cannot credibly claim she suffered harm as a result of the substitution. Further, since no report was prepared by Professor Shambaugh, Wan did not waste any time or resources taking discovery with respect to Professor Shambaugh, such as reviewing a report, taking a deposition, or preparing a rebuttal.

34. Even if prejudice or surprise could be said to exist, which it cannot, Michel promptly cured the issue by serving his amended Rule 26 disclosure identifying Dr. Chan on January 6, 2021 *simultaneously with the timely production of the expert report*, such that no other dates were thereby affected, including the rebuttal report disclosure date, the deadline to complete depositions, and the March 23, 2021 trial date. There exists no chance of unfair surprise that could reasonably hamper Wan's trial preparation.

35. In fact, Wan's counsel has already indicated his intention to tender a rebuttal expert report in response to the disclosure of Dr. Chan and his report, rather than identifying her own expert witness. Given that such a rebuttal report is not due until February 10, 2021, and could not logically be prepared without first receiving Michel's expert's report, the fact that a timely report was tendered by Dr. Chan, rather than Professor Shambaugh, imposed no additional pressure on Wan's timeline to react.

36. For the reasons set forth above, there is similarly no likelihood of disruption to the trial. Michel's arguments to be advanced at trial remain unchanged. The fact that Michel intends to call an expert to opine on the dangers to the minor children present in Hong Kong as first disclosed to Wan on December 8, 2020 in his original Rule 26 disclosure remains consistent. The amended disclosure and Michel's request in this motion changes only the identity of that expert and nothing that goes to the substance of this case.

37. Precluding Michel's amended Rule 26 disclosure would deprive this Court of key

information central to the disputed issues, thereby impeding this Court's ability to make a fully informed determination of the significant issues in Hong Kong, including Michel's contention that there is a grave risk of harm to the children and the parties if they were to return to the region.

38. Such a severe sanction cannot be proportionate where the truly meaningful expert disclosure—the Chan report—was tendered on time (substantial compliance), and there is no harm or prejudice to Wan.

WHEREFORE, Respondent, MICHEL DALE DEBOLT, respectfully requests that this Court grant him leave to substitute the identity of his Hong Kong expert consistent with Respondent's Amended Expert Disclosure Pursuant to Rule 26 attached hereto and incorporated herein as **Exhibit B**.

Respectfully Submitted,

MICHEL DALE DEBOLT

By: /s/ *Matthew D. Elster*
One of His Attorneys

| | |
|---|---|
| Shana Vitek | Howard W. Feldman |
| Matthew D. Elster | John S.M. Morse |
| **BEERMANN LLP** | **FELDMAN WASSER** |
| 161 North Clark Street, Suite 3000 | 1307 South 7th Street |
| Chicago, IL  60601 | Springfield, IL 62703 |
| (312) 621-9700 | (217) 544-3403 |
| (312) 621-0909 – Fax | (217) 544-1593 – Fax |
| slvitek@beermannlaw.com | hfeldman@feldmanwasser.com |
| mdelster@beermannlaw.com | jmorse@feldmanwasser.com |