IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS, SPRINGFIELD DIVISION

| | | |
|---|---|---|
| CHUNG CHUI WAN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. 20-cv3233 |
| | ) | |
| MICHEL DALE DEBOLT, | ) | |
| | ) | |
| Respondent. | ) | |

## OPINION

TOM SCHANZLE-HASKINS, U.S. MAGISTRATE JUDGE:

This matter comes before the Court on Respondent Michel Debolt's Motion for Leave to Substitute Expert in Respondent's Rule 26 Expert Disclosure (d/e 64) (Motion to Substitute) and Motion to Quash Amended Subpoenas to David Shambaugh and the George Washington University (d/e 66) (Motion to Quash). For the reasons set forth below, the Motion to Substitute is ALLOWED in part and the Motion to Quash is ALLOWED.

## BACKGROUND

Plaintiff Chung Chui Wan and Debolt are the mother and father of minor children T.D., age 9, and A.D., age 8 (Children). Wan lives in Hong Kong, China. Up until July 18, 2020, the children resided in Hong Kong. On July 18, 2020, Debolt brought the Children to Shelbyville, Illinois. Wan brought this action under the Convention on the Civil Aspect of

International Children Abduction and 22 U.S.C. § 9001 et seq, to have the Children returned to her in Hong Kong. See <u>Verified Complaint and Petition for Return of the Minor Children in Accordance with the Hague Convention and Motion for Expedited Return and Hearing Instanter (d/e 1)</u> ¶¶ 1-9; <u>Answer to Verified Complaint and Petition for Return of the Minor Children in Accordance with the Hague Convention and Motion for Expedited Return and Hearing Instanter (d/e 27)</u> ¶¶ 1-9.

On November 18, 2020, this Court entered the Scheduling Order (d/e 33) directing the parties to identify experts by December 7, 2020, provide expert reports by January 6, 2021, and rebuttal reports by January 27, 2021. The date to identify experts was extended to December 8, 2020. On December 8, 2020, Respondent Michel Debolt identified Dr. David Shambaugh as an expert on the risk of harm to the children if they returned to Hong Kong (Risk of Harm). Between December 8, 2020, and January 6, 2021, Debolt decided that Dr. Shambaugh was not qualified to give opinions on the issue of Risk of Harm. On January 6, 2021, Debolt sent Plaintiff Chung Chui Wan notice that he was substituting Dr. Phil Chan to opine on Risk of Harm and disclosed Dr. Chan's expert report at the same time.

On January 13, 2021, this Court amended the Scheduling Order to extend the deadline for disclosing expert reports to January 27, 2021; the deadline to provide rebuttal reports to February 10, 2021; the deadline to complete expert depositions to February 24, 2021; and the date to file dispositive motion to March 12, 2021.  <u>Opinion entered January 13, 2021 (d/e 60)</u>, at 6.

Wan would not agree to Debolt's change in experts.  Wan further issued amended subpoenas (Subpoenas) to Dr. Shambaugh and his employer George Washington University to depose Dr. Shambaugh and secure documents.  Motion to Quash, attached Subpoenas.  In response, Debolt filed the Motion to Substitute and the Motion to Quash.

## ANALYSIS

<u>Motion to Substitute</u>

Debolt seeks to substitute Dr. Chan for Dr. Shambaugh after the December 8, 2020 date to identify expert witnesses set forth in the Scheduling Order.  Debolt must show good cause and excusable neglect to allow a late modification of the Scheduling Order to permit the late substitution.  Fed. R. Civ. P. 6(b)(1)(B) and16(b)(4); Local Rule 6.1.  Debolt seeks to substitute Dr. Chan for Dr. Shambaugh because Dr. Shambaugh is not the expert Debolt thought he was, and Debolt wants a better expert.

Wanting to find a better expert is not good cause.  See Fidelity Nat. Financial, Inc. v. National Union Fire Ins. Co. of Pittsburgh, Pa, 308 F.R.D. 649, 653 (S.D. Cal. 2015); GF & C Holding Co. v. Hartford Cas. Ins. Co., 2012 WL 5907092, at *2 (D. Idaho Nov. 26, 2012).  Debolt should have been more thorough in the first instance when he settled on Dr. Shambaugh.  The Court will amend the Scheduling Order.

 Debolt, therefore, seeks to use a witness, Dr. Chan, whom he did not properly disclose under Rule 26(a).  He may only use Dr. Chan if he can demonstrate that his failure to disclose Dr. Chan in a timely manner was substantially justified or that the late disclosure is harmless.  Fed. R. Civ. P. 37(c)(1).  Debolt does not present any basis that would justify the late disclosure.  As discussed above, Debolt's failure to choose a better expert is not a basis to allow him to change experts.  Debolt's reason is not a substantial justification.

 Debolt, however, changed his expert witness on Risk of Harm before the expert report was due, and Dr. Chan produced an expert report on January 6, 2021, the original due date.  The Court finds that the disclosure of Dr. Chan's report on time renders the late disclosure harmless.  Wan had the report on time.  The cases cited by Wan that did not allow late disclosure all involved an attempt to disclose a substitute expert long after

the expert reports were due. Fidelity Nat. Financial, Inc., 308 F.R.D. at 653 (attempted substitution after Daubert motions and summary judgment were ruled on); GF & C Holding Co., 2012 WL 5907092, at *2 (attempted substitution after expert reports were due and after opposing party had filed its motion for summary judgment); Taylor v. Dean, 2007 WL 7622152, at *1-*3 (M.D. Fla. January 19, 2007) (attempted substitution after the initial expert report was disclosed and initial expert was deposed). Here, Dr. Shambaugh never issued a report. Rather, Dr. Chan issued a report that Debolt disclosed on time. The late identification of Dr. Chan was harmless.

Wan argues that she would be harmed because her counsel spent time researching Dr. Shambaugh's background in December 2020. She does not have that time to research Dr. Chan. The Court finds this alleged harm to be slight at best and the harm can be alleviated by extending the time to designate a rebuttal expert.[1]

The Court finds that the late identification of Dr. Chan was harmless because Dr. Chan's report was disclosed on time. The Motion to Substitute, therefore, is ALLOWED in part. Out of an abundance of

---

[1] Wan also notes that Dr. Chan initially produced a 32-page report on January 6, 2021, but later produced a supplemental report on January 27, 2021 that was 57 pages long and had a 1,371-page appendix. See Petitioner's Combined Response in Opposition to Motions for Leave to Substitute (Dkt. 64) and to Quash (Dkts. 61 and 66) (d/e 79) (Response), at 3 n.3; Proof of Service (d/e 68). The supplemental report was provided by the extended due date of January 27, 2021, so again the Court sees no harm. In addition, Wan may file an appropriate motion to challenge whether Dr. Chan's supplemental report is a proper supplement under Rule 26(e). That issue is not before the Court at this time.

caution, the Court will give Wan an extra week to disclose a rebuttal expert. An extension beyond a week would force a change in the trial date, and Wan has made clear that she does not want the trial delayed.

Motion to Quash

Debolt moves to quash the Subpoenas because he has retained Dr. Shambaugh as a consulting expert who is not going to testify.  A party may change an expert from a testifying expert to a non-testifying retained consulting expert if he does so before the expert is disclosed as a testifying expert and has produced a report.  Davis v. Carmel Clay Schools, 2013 WL 2159476, at *2–*8 (S.D. Ind. May 17, 2013); see also S.E.C. v. Koenig, 557 F.3d 736, 744 (7th Cir. 2009).  Dr. Shambaugh never produced a report and Debolt disclosed the change on the date that expert reports were due, January 6, 2021.  Debolt, therefore, may change Dr. Shambaugh from a testifying expert to a non-testifying consulting expert consultant.

Wan disputes whether Dr. Shambaugh actually is retained as a non-testifying consulting expert.  Wan's attorney asked Debolt in his deposition whether Dr. Shambaugh returned any of the money Debolt paid Dr. Shambaugh to be a testifying witness.  Debolt responded, "Not yet." Response, Exhibit A, Excerpts of Deposition of Michel Debolt (Debolt Deposition), at 253.  Wan argues that this statement shows that Debolt has

not retained Dr. Shambaugh. A moment later in Debolt's deposition, however, Wan's counsel asked Debolt whether Dr. Shambaugh was retained as a consultant, and Debolt responded that Dr. Shambaugh was retained. Debolt also said that he did not understand the distinction between a testifying witness and a consultant. <u>Debolt Deposition</u>, at 256. Debolt's testimony shows that Dr. Shambaugh is a retained, non-testifying expert consultant.

Wan may only depose Dr. Shambaugh if she shows that exceptional circumstances exist under which it is impractical to obtain facts or opinions on the same subject by other means. Fed. R. Civ. P. 26(b)(4)(D)(2). Wan has made no such showing. She has not identified any facts that Dr. Shambaugh knows that are pertinent to the merits of this case. She has also made no showing that it is impractical for her to secure expert opinions on the merits of this case, including Risk of Harm, from some other source. She is not entitled to depose Dr. Shambaugh. The Motion to Quash is ALLOWED.

THEREFORE, IT IS ORDERED that Michel Debolt's Motion for Leave to Substitute Expert in Respondent's Rule 26 Expert Disclosure (d/e 64) is ALLOWED in part. Debolt may substitute Dr. Chan for Dr. Shambaugh as an expert witness; provided, however, the Court extends the deadline to

provide rebuttal expert reports to February 17, 2021. The schedule of this case otherwise remains unchanged. Respondent's Motion to Quash Amended Subpoenas to David Shambaugh and the George Washington University (d/e 66) is ALLOWED. The amended subpoenas served on Dr. David Shambaugh and George Washington University are QUASHED. Respondent's Motion to Quash Subpoenas to David Shambaugh and the George Washington University (d/e 61) is DENIED as moot.

ENTER:   February 1, 2021

    *s/ Tom Schanzle-Haskins*
    TOM SCHANZLE-HASKINS
    UNITED STATES MAGISTRATE JUDGE