IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| IN RE: THE MARRIAGE OF: | ) | |
| | ) | |
| CHUNG CHUI WAN, | ) | |
| | ) | |
| *Petitioner*, | ) | |
| | ) | |
| and | ) | No. 3:20- cv – 03233 – SEM - TSH |
| | ) | |
| MICHEL DALE DEBOLT, | ) | |
| | ) | |
| *Respondent*. | ) | |

**MOTION TO COMPEL AND/OR
FOR HEARING ON PETITIONER'S DISCOVERY OBJECTIONS**

NOW COMES the Respondent, MICHEL DALE DEBOLT ("**Michel**"), by and through his attorneys, BEERMANN LLP and FELDMAN WASSER, and pursuant to Federal Rules of Civil Procedure 26, 34, and 37 moves for an order compelling Petitioner, CHUNG CHUI WAN's ("**Wan**") disclosure and discovery responses and/or a hearing on Wan's objections to Michel's discovery requests. In support of this motion, Michel states as follows:

**INTRODUCTION**

1. Wan filed her Hague Petition on September 8, 2020. Trial in this matter is set to commence on Mach 23, 2021 before Judge Sue E. Myerscough.

2. On November 25, 2020, Michel served Wan's counsel with a Notice to Produce pursuant to Federal Rule of Civil Procedure 34. (Dkt #39)[1].

---

[1] Dkt. #39, Ex. A.

3. On December 8, 2020, Wan served her objections to Michel's production requests. Apparently abandoning her December 8, 2020 objections,[2] on December 16, 2020, Michel received "Petitioner's Objections and Responses to Respondent's First Set of Requests for Production of Documents[.]"[3]

4. In her response, Wan raises improper objections to Michel's discovery requests and has refused to answer the majority of the requests. Where responses have been provided by Wan, many are evasive and incomplete.

5. Michel has attempted to resolve this discovery issue to no avail.

6. As detailed more fully below, Michel requests Wan be compelled to immediately tender appropriate responses and disclosures to his production requests. Alternatively, Michel asks this court conduct a hearing on Wan's objections to Michel's discovery requests.

## ARGUMENT

7. Federal Rule of Civil Procedure 26(b)(1) permits a party to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). The discovery sought "need not be admissible in evidence to be discoverable." *Id*.

8. "For purposes of discovery, relevancy will be construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." (Internal quotation marks omitted.) *Chavez v. DaimlerChrysler Corp.*, 206 F. R. D. 615, 619 (2002).

9. Rule 37(a)(3)(B) allows for the filing of a motion to compel disclosure where a party fails to make disclosure in accordance with Rule 26(a) and to compel discovery responses where "(iv) a party fails to produce documents or fails to respond that inspection will be permitted

---

[2] Ex. B.
[3] Ex. C.

—or fails to permit inspection—as requested under Rule 34." See Fed. R. Civ. P. 37(a)(3)(B)(iv).

10. Pursuant to Rule 37, evasive and incomplete discovery responses "must be treated as a failure to disclose, answer, or respond." See Fed. R. Civ. P. 37(a)(4).

11. Wan's response and objections to Michel's production requests begin with an impermissible kitchen sink recitation of general objections.

12. Wan generally objects to the production request claiming without specificity or elaboration that the request was (1) not made in accordance with Federal Rules of Civil Procedure 5(b) and 34; (2) seeks privileged information; and (3) seeks information that is the property of third parties. Further, despite her general claims of privilege, Wan fails to "describe the nature of the documents, communications, or tangible things not produced or disclosed *** in a manner that *** [would] enable other parties to assess the claim" as required by Rule 26(b)(5)(A)(ii). See Fed. R. Civ. P. 26(b)(5)(A)(ii). Interestingly, Wan even objects to Michel's clarifying instructions and definitions.

13. Such "a general objection *** does not satisfy the requirement of specificity, nor does it comport with the general spirit of the Rules to fairly confront the substance of discovery requests" and should therefore be ignored. *Mascot Technologies, Inc. v. Guda*, 2007 WL 1576487, *1 (2007).

14. In addition to reciting "general objections" Wan goes on to identify additional specific objections to all but one of Michel's 23 production requests. In 17 of her 22 objections, Wan argues the request is "irrelevant and overly broad[.]" In one such instance, Wan improperly responds she will produce responsive documents she deems relevant to the extent they can be located after a search she deems reasonable. In the remaining instances, Wan simply refuses to provide any responsive production.

15.     As noted in *Trustees of Operating Engineers Local 965 Heath Ben. Plan. v. Shirley*, 2010 WL 3938342, *1 (2010),

> "The objecting party must show with specificity that the request is improper *** [and t]hat burden cannot be met by a reflexive invocation of the same baseless, often abused litany that the requested discovery is vague, ambiguous, overly broad, unduly burdensome or that it is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. [Citations.]." (Internal quotation marks omitted.) *Id*.

16.     Wan has refused to provide essentially any documents responsive to Michel's production requests absent some secondary burden under an alternative disclosure rule.

17.     Wan's objections do not comply with Rule 34 which requires that the objection shall state with specificity all grounds for same. A party objecting on these bases must explain the specific and particular ways in which a request is vague, overly broad, or unduly burdensome. See Fed. R. Civ. P. 34(b)(2)(B); *Trs. of Operating Eng'rs Local 965 Health Benefit Plan v. Shirley*, 2010 WL 3938342, *3 (stating where a production request meets the standard of relevancy described in the federal rules, the objecting party bears the burden of showing why the request is improper and must do so with specificity).

18.     In accordance with Federal Rule of Civil Procedure 37(a)(1) Michel's counsel has in good faith attempted to confer with Wan's counsel with respect to the aforementioned discovery issues in an effort to obtain Wan's compliance without court action. See Fed. R. Civ. P. 37(a)(1).

19.     On December 30, 2020, counsel for Michel requested a discovery conference to try and resolve the Petitioner's objections. Despite it being Wan's burden to outline her objections to Michel's discovery requests with specificity, she responded to Michel's December 30, 2020

correspondence requesting Michel outline the deficiencies in Wan's responses. In an effort to resolve the discovery issue, Michel's counsel responded on December 31, 2020 explaining Wan's general objections to nearly all of Michel's production requests were improper as was her refusal to produce any substantive responses. In response, Wan requested Michel set forth his issues to Wan's objections in a formal correspondence as opposed to the email communications and telephone conversations that had taken place. On January 5, 2021, formal correspondence was sent to opposing counsel with respect to each objection interposed by Wan in an effort to understand that which Wan was required to explain in her objections including the basis for the objection, whether Wan had attempted to search for any responsive documents, whether any responsive documentation existed, and whether Wan would agree to provide any responsive documentation.

20. Michel also proposed resolutions to Wan's general objections attempting to narrow the scope of certain requests. Specifically, as to production requests 3 through 7, on February 8, 2011, Michel proposed Wan produce WhatsApp messages and other similar electronic communications limited to conversations with specific individuals or involving certain topics or key words that could be easily searched within Wan's messages and posts. On February 11, 2021, Michel's counsel followed up as to whether Wan would agree.[4]

21. Despite several correspondence and telephone conferences, as of this motion, there has been no agreement as to the resolution of Wan's objections to Michel's production requests. The parties have reached an impasse with respect to Wan's objections to Michel's production requests.

22. It has become clear that Wan has no intention of producing the requested documents or agreeing to any proposal narrowing such requests. As this matter is set for trial on March 23,

---

[4] Discovery communications between counsel are attached as Ex. D.

2021, it is imperative that these documents be produced immediately.

23. Accordingly, Michel respectfully requests Wan's responses to his discovery requests be ordered immediately so as to allow him sufficient time to process the responsive information and conduct such further discovery based thereon as is necessary to present his case.

WHEREFORE, Respondent, Michael Dale Debolt, respectfully requests this Court enter an order requiring Wan's responses and disclosures to Michel's discovery requests, and/or conduct a hearing on the Petitioner, Chung Chui Wan's discovery objections; and for an order requiring Wan to pay Michel's reasonable expenses in accordance with Federal Rule of Civil Procedure 37(a)(5).

      Respectfully submitted,

      **BEERMANN LLP**

      Attorneys for Respondent

      /s/ *Shana L. Vitek*

Shana L. Vitek ARDC No. 6279978
**BEERMANN LLP**
*Attorneys for Respondent*
161 North Clark Street, Suite 3000
Chicago, Illinois 60601
Tel:  (312) 621-9700
Fax:  (312) 621-0909
Email:  slvitekr@beermannlaw.com,

**CERTIFICATE OF SERVICE**

I hereby certify that on this 18th day of February, 2021, a copy of the attached document was filed via the court's CM/ECF system, which will send electronic notice to all counsel of record who have appeared in this case.

/s/ *Shana L. Vitek*