### IN THE UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF ILLINOIS, SPRINGFIELD DIVISION

| | |
|---|---|
| CHUNG CHUI WAN, | ) |
| Petitioner, | ) |
| v. | ) Case No. 20-cv-3233 |
| MICHEL DALE DEBOLT, | ) |
| Respondent. | ) |

### OPINION

TOM SCHANZLE-HASKINS, U.S. MAGISTRATE JUDGE:

This matter comes before the Court on Respondent Michel Debolt's Motion to Compel and/or for Hearing on Petitioner's Discovery Objections (d/e 77) (Motion). For the reasons set forth below, the Motion is ALLOWED in part.

### BACKGROUND

Petitioner Chung Chui Wan and Debolt are the mother and father of minor children T.D., age 9, and A.D., age 8 (Children). Wan lives in Hong Kong, China. Up until July 18, 2020, the children resided in Hong Kong. On July 18, 2020, Debolt brought the Children to Shelbyville, Illinois. Wan brought this action under the Convention on the Civil Aspect of International Children Abduction and 22 U.S.C. § 9001 et seq, to have the Children returned to her in Hong Kong. See Verified Complaint and Petition

<u>for Return of the Minor Children in Accordance with the Hague Convention and Motion for Expedited Return and Hearing Instanter (d/e 1)</u> ¶¶ 1-9; <u>Answer to Verified Complaint and Petition for Return of the Minor Children in Accordance with the Hague Convention and Motion for Expedited Return and Hearing Instanter (d/e 27)</u> ¶¶ 1-9.

On November 18, 2020, this Court entered the Scheduling Order (d/e 33). The Scheduling Order required parties to file discovery motions to compel "within sixty (60) days following the event (e.g., failure to answer interrogatories, objections to request for production, etc.) that is the subject of the motion." <u>Scheduling Order</u> ¶ 7.

On November 25, 2020, Debolt served Wan with Respondent's First Set of Requests for Production of Documents to Petitioner (Requests to Produce). <u>Motion</u>, Exhibit A, <u>Requests to Produce</u>. Wan responded and provided objections on December 8, 2020 and December 16, 2020. The attorneys for the parties thereafter discussed Wan's production and objections on several occasions in an effort to resolve the discovery dispute.

On February 8, 2021, Debolt limited his request for additional production of documents in the Requests to Produce to Requests 3, 4, 5, 6, and 7, which are as follows:

>3. Copies of all WhatsApp messages you sent or received from January 1, 2019 to present.
>
>4. Copies of all WeChat messages you sent or received from January 1, 2019 to present.
>
>5. All Facebook Messenger messages to, from and/or including the Petitioner from January 1, 2019 to present.
>
>6. All text messages you sent or received from January 1, 2019 to present.
>
>7. Copies of any other messages you sent or received from January 1, 2019 to the present via applications other than those listed above.

Motion, Exhibit D, Email dated February 8, 2021, and Exhibit A, Requests to Produce 3-7.  Debolt further limited his request for additional documents to messages responsive to Requests to Produce 3-7 with 20 named individuals and nine individuals who provided an affidavit on Wan's behalf in this matter, and further limited his request to the messages regarding the "topics and/or key words:  protests or protestors, Hong Kong Police, Chinese government, move to US, Michel Debolt, and National Security Law (NSL)."  Email dated February 8, 2021 (collectively the Limited Requests).[1]  Debolt states that the parties thereafter reached an impasse.  Motion, ¶¶ 20-21.  Wan states that she had produced some documents

---

[1] Debolt asks for messages with any individual who provided an affidavit.  Wan indicates that there are nine such individuals.  See Response in Opposition to Respondent's Motion to Compel (DKT. 77) (d/e 78) (Response), at 3.

responsive to Requests to Produce 3, 5, 6, and 7, and she had no documents responsive to Requests to Produce 4 because she did not use WeChat.  Response, at 4; see Motion, Exhibit B, December 8, 2020 Response to Requests to Produce, at 2.  On February 18, 2021, Debolt filed the Motion.  Debolt moves to compel production of documents responsive to all his Requests to Produce.

## ANALYSIS

Wan asks the Court to deny the Motion as untimely because the Scheduling Order required Debolt to file the Motion within 60 days of Wan's December 16, 2020 response to the Requests to Produce.  The parties, however, were conferring to resolve the discovery dispute without court action up until February 8, 2021.  The Court wishes to promote private settlement of discovery disputes.  The Scheduling Order requires the parties to meet and confer before filing motions to compel.  Scheduling Order ¶ 7.  Debolt filed the Motion 10 days after the February 8 communication and 64 days after Wan's December 16, 2020 objections.  Under these circumstances, the Court, in its discretion, will not deny the Motion as untimely.

Debolt limited his unresolved Requests to Produce to the Limited Requests. The Court, therefore, denies Debolt's request to compel production of the rest of his original Requests to Produce.

Wan has produced some documents responsive to Requests 3, 5, 6, and 7, and has no documents responsive to Request 4. Wan also objects to the Limited Requests as overly broad and not proportionate to the needs of the case. Fed. R. Civ. P. 26(b)(1). The Court agrees. The original Requests 3, 5, 6, and 7 were clearly overly broad, asking for any and all messages to or from anyone on any topic. The Limited Requests are more limited, but still overly broad. Requiring Wan to search for and produce documents from so many individuals is still little more than a fishing expedition and is not proportionate to the needs of the case.

The Court in its discretion hereby modifies the Limited Requests and directs Wan to produce any additional responsive messages related to the topics in the Limited Requests to and from the nine individuals who provided affidavits on Wan's behalf in this matter and sent or received after January 1, 2019. These individuals have provided evidence under oath on behalf of Wan in this case. The individuals, therefore, may have information relevant to this case. As such, messages between Wan and these individuals may lead to relevant information and producing such

messages would be proportionate to the needs of the case.  Wan is directed to produce this limited set of responsive documents by March 4, 2021.

THEREFORE, IT IS ORDERED that Michel Debolt's Motion to Compel and/or for Hearing on Petitioner's Discovery Objections (d/e 77) is ALLOWED in part.  The Court, in its discretion, declines to apportion expenses for the motion.  Fed. R. Civ. P. 37(a)(5)(C).

ENTER:   February 25, 2021

*s/ Tom Schanzle-Haskins*
TOM SCHANZLE-HASKINS
UNITED STATES MAGISTRATE JUDGE