IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS – SPRINGFIELD DIVISION

| | |
|---|---|
| CHUNG CHUI WAN, ) | |
|     Petitioner, ) | |
| ) | Case No.: 3:20-cv-03233 |
| v. ) | Judge Sue E. Myerscough |
| ) | |
| MICHEL DALE DEBOLT, ) | |
|     Respondent. ) | |

## MOTION TO COMPEL AND FOR EXPEDITED CONSIDERATION

Petitioner moves to compel production responsive to her requests for production served November 30, 2020 and further clarified in subsequent correspondence and conferences. Petitioner further requests the Court order an expedited response by March 4, 2021.

On November 30, 2020, Petitioner served the request at Exhibit A. At requests 11-14, Petitioner requested Respondent to substantiate his allegations of mistreatment by Petitioner. Respondent has produced, shared with his retained experts, and listed on his exhibit list numerous video and audio recordings he took surreptitiously without the knowledge or consent of Petitioner. At his deposition on the subject, Respondent was advised to and did invoke his Fifth Amendment right against self-incrimination when questioned about other recordings he made. Exhibit B, deposition excerpts.

On January 27, 2021, Respondent produced the expert report of Alan Jaffe. Dr. Jaffe cited numerous videos provided to him by Respondent, including the surreptitiously recorded videos. Ex. C, Excerpts from Report of Dr. Alan Jaffe. No such videos had been produced by Respondent. It is clear Respondent has selectively produced responsive discovery. Following production of the report, Petitioner immediately and repeatedly demanded production of *all* videos and audio recordings taken by Respondent, not merely those cherry picked for presentation to his expert and the Court. Ex. D, Correspondence.

Respondent's counsel asked for several extensions to provide the videos requested, resulting in the extension sought on February 4, 2021 for Respondent's compliance with Rule 26(a)(2)(B) (Dkt. 74).  Counsel for both parties conferred repeatedly regarding this request as required by Rule 37, including on February 4, 2021.  On that date, Respondent indicated he would produce documents responsive to the outstanding deficiency notices that same day.  Ex. D.  The remaining videos were not provided.  Again on February 10, 2021 the parties again conferred but Respondent would not produce the sought-after materials.  Petitioner therefore moves to compel:

> 1. All remaining videos and/or audio record taken by Mr. Debolt (including recordings of the children's conversations with their mother) beyond those presented to Dr. Jaffe.
> 2. All photos, audio, and video recordings taken of the children or petitioner since September 8, 2020.
> 3. An order for Mr. Debolt to answer questions about the creation of such videos.

Respondent's invocation of the Fifth Amendment permits the inference that further such recordings exist.  *Baxter v. Palmigiano* (1976) 425 U.S. 308, 318.  Respondent himself has provided the additional evidence needed to infer his guilt in eavesdropping by producing and relying on videos that are the result of that eavesdropping activity.  *See supra,* Jaffe report.  His presentation of those videos to Dr. Jaffe in this case functions as a waiver of that privilege, especially in a civil matter.  *Alridge Elec., Inc. v. Fid. & Deposit Co. of Maryland*, No. 04 C 4021, 2006 WL 2536687, at *5 (N.D. Ill. Aug. 31, 2006) (citing *Rogers v. United States,* 340 U.S. 367, 373, 71 S.Ct. 438, 95 L.Ed. 344 (1951)) ("federal courts have uniformly held that, where criminating facts have been voluntarily revealed, the privilege cannot be invoked to avoid disclosure of the details[.]")

The question then becomes, may he rely on some surreptitious recordings and conceal others, or refuse to identify those previously created and deleted?  The answer is plainly not.  The Fifth Amendment privilege cannot be invoked as a sword and a shield.  *United States v. Davenport*,

929 F.2d 1169, 1174 (7th Cir. 1991) ("a witness who makes an incriminating statement cannot use the privilege against compulsory self-incrimination to block cross-examination by claiming that his answers to the cross-examining lawyer's questions may incriminate him"). Mr. Debolt is obviously aware, and has been advised by counsel, that recording an individual without their consent is illegal in Hong Kong and Illinois.[1] Nevertheless, he supplied some videos with audio taken without the knowledge and consent of at least his wife, and apparently in some circumstances his children.

The selective presentation of favorable recordings presents an obvious danger of distortion supporting waiver. *Klein v. Harris*, 667 F.2d 274, 288 (2d Cir. 1981) ("courts deciding testimonial waiver questions should be attentive to whether the witness' prior testimony has created a significant danger of distortion."). (citing *Rogers v. United States*, 340 U.S. 367, 71 S.Ct. 438, 95 L.Ed. 344 (1951), *E. F. Hutton & Co. v. Jupiter Development Corp.*, 91 F.R.D. 110, 116 (S.D.N.Y.1981) (internal quotations omitted). Petitioner is plainly prejudiced by Respondent's selective production of discovery and by the omission of the remaining recordings. Without their production, she cannot establish whether the recordings selected for presentation to Dr. Jaffe and the court are indicative of all such videos, or indeed whether additional recordings show behavior by Respondent or the children that he wishes to conceal because it bears negatively on his claims and positively on Petitioner's. The mere concealment of such recordings supports a strong inference that they would have such an effect.

Accordingly, Petitioner requests immediate production of the remaining recordings.

    Respectfully submitted,

    /s/Timothy Sendek                                              February 26, 2021
    Timothy K. Sendek
    Akerman LLP

---

[1] E.g., 720 ILCS 5/14-2

56678804;1

71 S. Wacker Dr., 47th Floor
Chicago, Illinois 60606
Tel. 312-870-8007
tim.sendek@akerman.com

Jessica L. Sendek
Hensley Sendek Law LLC
124 S. County Farm Rd., Suite B1
Wheaton, IL 60187
630-358-9029
jessica@hensleysendeklaw.com

*Counsel for Petitioner*

4

## CERTIFICATE OF SERVICE

I certify that on the date given below, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notice to all counsel of record in accordance with Fed. R. Civ. P. 5(b)(2)(E).

/s/Timothy K. Sendek

February 26, 2021

56678804;1