IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| CHUNG CHUI WAN, ) | |
| ) | |
| Petitioner, ) | |
| ) | Case Number: 3:20-cv-3233 |
| v. ) | |
| ) | |
| MICHEL DALE DEBOLT, ) | |
| ) | |
| Respondent. ) | |

**RESPONDENT'S RESPONSE TO MOTION TO COMPEL AND FOR EXPEDITED CONSIDERATION**

NOW COMES the Respondent, MICHEL DALE DEBOLT, by and through his attorneys, BEERMANN LLP, and responds to the Motion of the Petitioner, CHUNG CHUI WAN, to Compel and for Expedited Consideration (Dkt. #81) as follows:

**BACKGROUND**

1.  On November 20, 2020, this Court entered a Scheduling Order providing for the issuance of all written discovery by November 25, 2020, with answers to be completed on December 16, 2020. (Dkt. #33).

2.  On November 30, 2020, Wan issued extensive Rule 34 requests to Michel, four of which sought his production of all "proof of Wan's recurring mistreatment of the children." (Dkt. #81, Ex. A, ¶11-14). She did not ask Michel to turn over every single "photo[], audio, and video recording][ taken of the children or petitioner since September 8, 2020." She did not ask Michel to turn over "[a]ll *** videos and/or audio record taken by [him] (including recordings of the children's conversations with their mother) ***."

3.  On January 15, 2021 Wan, through new counsel, issued an untimely second set of

Rule 34 requests to Michel, requesting his production of all materials he exchanged with, or submitted to, Dr Alan Jaffe. Once again, Wan did not once ask Michel to turn over every single "photo[], audio, and video recording][ taken of the children or petitioner since September 8, 2020," nor did she request "[a]ll *** videos and/or audio record taken by Mr. Debolt (including recordings of the children's conversations with their mother) ***."

4. Approximately two weeks after issuing her untimely second Rule 34 requests, Wan sent Michel's counsel an email requesting, for the first time, the production of "*all* videos taken by Mr. Debolt." (Dkt. 81, Ex. D).

5. On February 4, 2021, Michel tendered a complete copy of Dr. Jaffe's file to Wan, which included every recording and image Michel provided to Dr. Jaffe. (Dkt #73). A copy of the email enclosing the file, and a list of the videos tendered to Wan's counsel, is attached hereto as **Exhibit A**. Notably, the list of videos included in that production is identical to the videos that Dr. Jaffe acknowledges receiving from Michel, as reflected in the portions of his report highlighted by Wan. (Dkt. 81, Ex. C, pg. 4-5).

6. Michel responded to Wan's second document requests on February 10, 2021, objecting to the timeliness of those requests, but nevertheless answering that he produced all materials he exchanged with, or submitted to, Dr. Jaffe on February 4, 2021.

7. Despite receiving every single document Michel provided to Dr. Jaffe, and despite never issuing a proper discovery request for such information, much less a timely one, Wan now seeks this Court's intervention to compel Michel's to turn over virtually every image of his children for the last six months, and all video and audio recordings ever taken by Michel beyond those presented to Dr. Jaffe. Specifically, she seeks:

       1. All remaining videos and/or audio record taken by Mr. Debolt (including recordings of the children's conversations with their mother) beyond those presented to Dr. Jaffe.

       2. All photos, audio, and video recordings taken of the children or petitioner since September 8, 2020.

       3. An order for Mr. Debolt to answer questions about the creation of such videos.

8.     For the reasons set forth below, her Motion should be denied.

## ARGUMENT

**I.     Wan's Informal Requests Cannot Serve as a Basis to Compel Michel's Production.**

Preliminarily, Wan's request for Michel's production of additional materials must be denied because she never sought those materials via formal discovery. Despite twice issuing Rule 34 requests, and having every opportunity to seek a broad swath of materials from Michel, for months she stood content with seeking only those materials relating to her "recurring mistreatment of the children." This Court should reject her efforts to belatedly obtain this information now by compelling Michel to produce documents responsive to an email, rather than a proper Rule 34 request.

    Michel is unaware of any authority which requires such compliance. Indeed, courts have held that informal requests, like those at issue here, "are not a formal discovery requests that serve as a basis for a motion to compel. While informal requests are often honored by an opposing party, they are not recognized under the Federal Rules of Civil Procedure." *Ousterhout v. Zukowski*, 11 CV 9136, 2016 WL 3675564, at *4 (N.D. Ill. Apr. 5, 2016), *report and recommendation adopted,* 11-CV-9136, 2016 WL 3612086 (N.D. Ill. July 6, 2016) (citing *Studio & Partners, s.r.l. v. KI*, No. 06-C-0628, 2007 WL 896065, at *1-2 (E.D. Wis. Mar. 22, 2007) (denying motion to compel responses to informal discovery requests).

As one court explained, treating "correspondence between counsel as formal requests for production under Rule 34 would create confusion and chaos in discovery."

> The Federal Rules of Civil Procedure provide necessary boundaries and requirements for formal discovery. Parties must comply with such requirements in order to resort to the provisions of Fed.R.Civ.P. 37, governing motions to compel. Informal requests for production lie outside the boundaries of the discovery rules. Formal requests may be filed under some circumstances, not letter requests. Formal requests require certificates of conferring and service. Letters do not. Formal requests certify representations of counsel under Fed.R.Civ.P. 11(b). Letters do not. Formal requests clearly implicate the duties of opposing parties to respond, pursuant to Fed.R.Civ.P. 34. Letters do not. Formal requests may occasion sanctions. Letters usually do not. To treat correspondence between counsel as formal requests for production under Rule 34 would create confusion and chaos in discovery. Fed.R.Civ.P. 37(a)(2)(B) permits a party to move to compel production of documents "if a party, in response to a request for inspection submitted under Rule 34, fails to respond." An evasive or incomplete response is a failure to respond, within the meaning of Rule 37(a)(2)(B). Fed.R.Civ.P. 37(a)(3).
> Fed.R.Civ.P. 34(a) establishes the permissible scope of production. Fed.R.Civ.P. 34(b) establishes the procedure for submitting the request and for responding to it. *** Plaintiff cannot properly move to compel production of documents sought in an informal letter requesting production. Although both informal investigation and formal discovery have their proper place in the litigation arena, the Federal Rules of Civil Procedure address only formal discovery. The court thus overrules the motion of plaintiff to the extent it seeks to compel further production in response to the letter of June 3, 1997. *Sithon Mar. Co. v. Holiday Mansion*, CIV. A. 96-2262-EEO, 1998 WL 182785, at *2 (D. Kan. Apr. 10, 1998).

While the means of informal communication have evolved in the last two decades from letters to electronic mail, the rationale of *Sithon* remains applicable here. In the absence of a proper request for production of documents pursuant to Rule 34, Wan cannot seek to compel Michel's compliance with non-existent discovery requests.

**II.    Wan's Requests for Additional Materials are Untimely.**

Assuming this Court looks past Wan's failure to seek compliance with discovery, rather than her attorney's informal request, her Motion should still be denied as those informal requests were plainly untimely.

In her first two informal requests, Wan seeks Michel's production of virtually every video or photograph of the children in his possession, without any temporal or subject matter limitation. This request is plainly untimely. To quote Wan's Response to Michel's Motion to Compel, "[t]he Scheduling Order (Dkt. 33) is crystal clear." (Dkt. 78). Per that crystal clear order, written discovery was to issue by November 25, 2020 and to be answered by December 16, 2020. Pursuant to that order, Wan made specific Rule 34 requests for specific video and images, and Michel produced materials responsive to those requests without objection. She never issued another request.

Instead, months after written discovery closed, and in the absence of a formal discovery requests, Wan demands Michel turn over piles of irrelevant photographs based upon her apparent dissatisfaction with the materials Michel provided to his own retained expert.

The fact that Wan opted to limit her discovery requests to materials relating to her "recurring mistreatment of the children" is hardly a sufficient basis to sustain her belated request for materials she never formally requested. Her eleventh-hour request should be denied.

**III.    Wan's Production Requests are Overly Broad and Seek Irrelevant Information.**

Assuming this Court finds Wan's requests both proper and timely, her Motion should still be denied because the materials she seeks far exceed the scope of any formal or informal discovery request made in this matter. Requests for Michel's wholesale production of every recording ever taken, beyond those presented to Dr. Jaffe, and every image taken of Wan or the children since

September 8, 2020, are overly broad and fail to satisfy the threshold relevancy requirements under the applicable rules.

On this point, Wan's own arguments once again belie her position. As she succinctly summarized, the question before this Court is extremely limited in scope:

> The primary elements of the Hague Convention are the (1) habitual residence of the children, (2) Petitioner's custody rights as their mother, (3) whether the refusal to return the children to Hong Kong by Respondent was wrongful and (4) that the children are under 16. Respondent has raised defenses that essentially argue that Hong Kong is generally too grave a risk to children to return them, and has offered hundreds of pages of expert testimony *** and citations to support that argument. (Dkt. #78, pg. 5).

Wan offers no explanation as to why Michel's production of virtually every photograph and video he may have of the children—including those of them eating dinner, playing games, picking their noses, etc.—is germane to the issues before the court. No cogent explanation exists, and Wan failed to carry her burden of demonstrating the relevance of her expansive requests to which Michel would have objected had they been properly made.

## IV. Michel Should Not be Compelled to Give Additional Deposition Testimony or Provide Further Discovery.

The primary basis for the relief sought in Wan's Motion is Michel's invocation of the Fifth Amendment in response to a single question during his deposition. From this isolated invocation, Wan infers that she is entitled not only to the expansive list of photos and recordings being requested in the Motion, but to additional deposition questions, as well. Wan's efforts to bootstrap a single objection into the complete reopening of fact discovery must fail.

As the excepts appended to her Motion demonstrate, Michel invoked his Fifth Amendment privilege once, in response to the following question:

> Q.    Did you ever take any other surreptitious videos in Hong Kong in your apartment?

>MS. VITEK: Same objection.
>
>A. Yeah, I am following the advice of my Counsel.
>
>Q. And what is that advice?
>
>A. To take the Fifth Amendment.
>(Dkt. 81, Ex. B, pg. 284-286).[1]

If there is any inference to be gleaned from this invocation of privilege it is only that Michel may have taken other "surreptitious" videos in his Hong Kong apartment not that recordings exist responsive to Wan's properly served discovery requests beyond that which had already been tendered by Michel. As noted above, Michel has already produced several recordings of Wan's mistreatment of the parties' children in the parties' Hong Kong apartment, and Michel has indicated he has no other materials responsive to Wan's proper discovery requests.

Misleadingly drawing sweeping inferences from a single invocation of privilege, Wan leaps to the conclusion that Michel's "presentation of those videos to Dr. Jaffe [and also Wan] in this case functions as a waiver of that privilege, especially in a civil matter." In support of this argument, Wan cites *Alridge Elec., Inc. v. Fid. & Deposit Co. of Maryland*, No. 04 C 4021, 2006 WL 2536687, *5 (N.D. Ill. Aug. 31, 2006) for the proposition that "federal courts have uniformly held that, where criminating facts have been voluntarily revealed, the privilege cannot be invoked to avoid disclosure of the details[.]" See *id*.

Wan's citation to *Alridge* is misplaced insofar as she is not seeking to discover additional details regarding the videos previously produced, as might be permitted under *Aldridge*.[2] In fact,

---

[1] The transcript reflects that counsel for Wan abandoned his prior questions regarding whether Michel took videos "kind of surreptitiously in [his] home *** or anywhere else," refusing to accept Michel's counsel's invitation to actually ask Michel whether he was invoking the Fifth Amendment in response to that question. (*Id.* at 284).

[2] Wan fails to direct this Court to any authority suggesting that Hong Kong law criminalizes surreptitious recordings, despite pleading that such conduct is illegal in Hong Kong.

during his deposition, Wan's counsel asked—and Michel answered—questions concerning the disclosed recordings of Wan's mistreatment of the children. (Dkt. 81, Ex. B, pgs. 280-284).

Instead, Wan submits that because Michel disclosed some surreptitious recordings of Wan's abuse, he has therefore waived his privilege to *any and all* videos, thereby entitling her to seek expansive discovery. Wan's own authority undermines her position. The same paragraph of *Alridge* which she cites goes on to provide that party does **not** waive privilege "as to events and issues that fall outside of the scope of the topics and reasonably related details covered in [the criminating facts voluntarily revealed]." *Id.* To emphasize this point, the *Alridge* court cited to the holding in *Garrison v. Nygren*, 2003 WL 21730132, at *3-4 (N.D. Ill. July 23, 2003), "limiting waiver of privilege to those topics previously revealed and no further[.]" *Id*.

The discovery Wan seeks to compel falls far outside the scope of, and is unrelated to, any potentially criminating facts voluntarily revealed by Michel. Requiring Michel to turn over recordings and photographs of events entirely unrelated to the dozen or so instances recorded in the videos and images Michel produced in discovery finds no support in any of the authority cited in Wan's Motion. Michel produced materials responsive to Wan's proper discovery requests. Wan now attempts to parlay his exercise of privilege in response to a single question about surreptitious recording in his Hong Kong apartment and the disclosure of specific incidents where Michel recorded Wan mistreating the children into an opportunity to obtain discovery she did not properly, or timely request.

It is certainly telling that Wan's Motion does not even seek to compel Michel's answer to the single question which he refused to answer at his deposition, regarding surreptitious recordings taken by Michel in the Hong Kong apartment. Instead, Wan requests that Michel be compelled to answer questions which she had every opportunity to ask, but did not, regarding the creation of a

limitless variety of videos and photographs which she never previously sought to discover. This request, like those which preceded it, is another untimely and improper attempt to obtain the discovery she never sought before. It should be denied.

WHEREFORE, Respondent, Michael Dale Debolt, respectfully requests that this Court deny Petitioner's Motion to Compel and For Expedited Consideration, and award him his reasonable fees and costs incurred in the preparation of this Response.

**BEERMANN LLP**

Attorneys for Respondent

/s/ *Matthew D. Elster*

Matthew D. Elster
**BEERMANN LLP**
*Attorneys for Respondent*
161 North Clark Street, Suite 3000
Chicago, Illinois 60601
Tel:  (312) 621-9700
Fax:  (312) 621-0909
Email:  mdelster@beermannlaw.com,

## CERTIFICATE OF SERVICE

I hereby certify that on this 4th day of March, 2021, a copy of the attached document was filed via the court's CM/ECF system, which will send electronic notice to all counsel of record who have appeared in this case.

/s/ *Matthew D. Elster*