# IN THE UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS, SPRINGFIELD DIVISION

| | |
|---|---|
| CHUNG CHUI WAN, | ) |
| Petitioner, | ) |
| v. | ) Case No. 20-cv-3233 |
| MICHEL DALE DEBOLT, | ) |
| Respondent. | ) |

## OPINION

TOM SCHANZLE-HASKINS, U.S. MAGISTRATE JUDGE:

This matter comes before the Court on Petitioner Chung Chui Wan's Motion to Compel and for Expedited Consideration (d/e 81) (Motion). For the reasons set forth below, the Motion is DENIED.

## BACKGROUND

On November 30, 2020, Petitioner Wan served on Respondent Debolt a request for production of documents. Request No. 11 asked for the following:

**REQUEST NO. 11:** Any and all documentary evidence and/or proof of Wan's recurring mistreatment of the children through excessive physical disciplining, as alleged in paragraph 4e of your Affirmative Defenses to Wan's Hague Petition.

**REQUEST NO. 12:** Any and all documentary evidence and/or proof of Wan's recurring mistreatment of the children through intimidation, as alleged in paragraph 4e of your Affirmative Defenses to Wan's Hague Petition.

**REQUEST NO. 13:** Any and all documentary evidence and/or proof of Wan's recurring mistreatment of the children through emotional abuse, as alleged in paragraph 4e of your Affirmative Defenses to Wan's Hague Petition.

**REQUEST NO. 14:** Any and all documentary evidence and/or proof of Wan's recurring mistreatment of the children through her absences, as alleged in paragraph 4e of your Affirmative Defenses to Wan's Hague Petition.

Motion, Exhibit A, Petitioner's Request for Production of Documents, Request No. 11-14. Debolt produced responsive documents including video and audio recordings. Debolt made at least some of the recordings without informing the persons being recorded that he was recording them. See Motion, Exhibit B, Excerpts of Deposition of Michel Dale Debolt (Debolt Deposition), at 280-86.

Wan's counsel Mr. Sendek asked Debolt at his deposition about video recordings produced to support his claim of "Wan's recurring mistreatment of the children," and about taking video recordings of Wan without Wan's knowledge:

Q. What did you have in mind to use the video for later?

A. Nothing. If I had concluded that there was definitely something that needed to involve the Hong Kong authorities, I wanted to be able to show that it was, this is what had happened.

Q. Did you do that?

A. I did not. I did not, no.

Q. Had you ever done that at any time prior to May of 2020?

A. Done what? You said done that.

> Q. Taken a surreptitious video of something with the idea of reporting it later?
>
> MS. VITEK [Debolt's counsel]: Objection, form of question.
>
> A. I don't believe so.

Motion, Exhibit B, Excerpts of Deposition of Michel Dale Debolt (Debolt Deposition), at 283.  Attorney Sendek continued his questioning about Debolt's recordings.  During this questioning, Sendek, Vitek, and Debolt had the following exchange:

> Q. Have you ever taken this type of video before?  Do you have any other videos that you took kind of surreptitiously in your home –
>
> MS. VITEK:  Same objection.
>
> Q.   -- or anywhere else?
>
> A.   What's your objection, Shana?
>
> MS. VITEK:  Form of the question.
>
> A.   Sorry, I think there is a question I need to consult with Shana on here.
>
> MS. VITEK:  All right.
>
> MR. SENDEK:  No, I am not going to permit that.
>
> A.   I need to consult with my Counsel.
>
> Q.   No, no, you don't.  There is no objection lodged.  You can answer the question.
>
> MS. VITEK:  I just did object.

MR. SENDEK:  On form?

MS. VITEK:  Yes.

MR. SENDEK:  Then you want to consult on a form objection?

MS. VITEK:  No, he wants to consult --

MR. SENDEK:  He doesn't get to --

MS. VITEK:  -- with me.

MR. SENDEK:  He doesn't get to consult.

MS. VITEK:  All right.  Then fine, I object.

MR. SENDEK:  Are you instructing the witness not to answer?

MS. VITEK:  Yes.  I am objecting on privilege.

MR. SENDEK:  How is it privileged whether or not he took surreptitious videos?

MS. VITEK:  He has the right to assert his Fifth Amendment.

MR. SENDEK:  Is that the assertion he is making?

MS. VITEK:  That's what I just said.

MR. SENDEK:  You are taking the Fifth on his behalf for an act he committed in Hong Kong?

MS. VITEK:  You can ask him if you want.

Q.   Did you ever take any other surreptitious videos in Hong Kong in your apartment?

MS. VITEK:  Same objection.

A.   Yeah, I am following the advice of my Counsel.

> Q. And what is that advice?
>
> A. To take the Fifth Amendment.

<u>Debolt Deposition</u>, at 284-86.

On January 27, 2021, Debolt produced to Wan the expert report of Dr. Alan M. Jaffe, Psy.D. Dr. Jaffe's report states that Dr. Jaffe reviewed 11 video recordings and a photograph. <u>Motion</u>, Exhibit C<u>, Excerpts of Dr. Jaffe Expert Report</u>, at 4, 28. At least some of the recordings were not previously produced in discovery. That same day, Wan's counsel sent an email to Debolt's counsel asking for all videos provided to Dr. Jaffe that had not been produced in discovery:

> A review of the documents reviewed in Dr. Jaffee's report indicates many documents, videos, and photos that do not appear to have been produced in discovery. Please produce them immediately. Petitioner reserves all rights in this regard.

<u>Motion</u>, Exhibit D, <u>Email dated January 27, 2021 sent at 5:45 p.m</u>. Nine minute later, Wan's counsel sent a second email asking for all video recordings taken by Debolt:

> To clarify my prior email, *all* videos taken by Mr. Debolt (including recordings of the children's conversations with their mother) should be produced, not merely those presented to Dr. Jaffe.

<u>Motion</u>, Exhibit D, <u>Email dated January 27, 2021, sent at 5:54 p.m. (emphasis in the original)</u>. Debolt produced all recordings provided to Dr. Jaffe. He did not produce any additional recordings. Wan now asks the Court to compel:

    1.   All remaining videos and/or audio record taken by Mr. Debolt (including recordings of the children's conversations with their mother) beyond those presented to Dr. Jaffe.

    2.  All photos, audio, and video recordings taken of the children or petitioner since September 8, 2020.

    3.  An order for Mr. Debolt to answer questions about the creation of such videos.

Motion, at 2.  Debolt opposes the Motion.

## ANALYSIS

Wan asks the Court to compel Debolt to produce all video and audio recordings taken by Debolt, including all photographs and recordings of their children or Wan since September 8, 2020.  Wan cites four document requests to support her motion, her requests for documents related to "Wan's recurring mistreatment of the children."  Document Request No. 11.  The Court sees no basis to believe that every audio and video recording ever made by Debolt related to these requests, or even that all of Debolt's recordings of their children or Wan since September 8, 2020 related to these requests.  Moreover, a request for every audio and video recording that Debolt ever made, or even every photograph or recording of Wan or their children since September 8, 2020, are clearly overly broad and not proportional to the needs of this case.  Fed. R. Civ. P. 26(b)(1).  Wan's request to compel further production of recordings is denied.

Wan supports her Motion with the emails in which her counsel asked for every video recording Debolt made and with Debolt's deposition in which he asserted his Fifth Amendment rights. The emails sent by Wan's counsel are not Rule 34 requests to produce, and so, are not a basis for a motion to compel. See Fed. R. Civ. P. 34 and 37; see e.g., Ousterhout v. Zukowski, 2016 WL 3675564, at *4 (N.D. Ill. April 5, 2016). Debolt's decision to take the Fifth Amendment did not change Wan's document production request. Wan has not shown that she made a Rule 34 request for the video recordings she now seeks. The Court, therefore, will not compel production.

Because the request to compel production of additional recordings is denied, Wan's request to compel Debolt to answer additional questions about such recordings is denied as moot.

THEREFORE, IT IS ORDERED that Petitioner Chung Chui Wan's Motion to Compel and for Expedited Consideration (d/e 81) is DENIED.

ENTER: March 5, 2021

s/ *Tom Schanzle-Haskins*
TOM SCHANZLE-HASKINS
UNITED STATES MAGISTRATE JUDGE