IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| **CHUNG CHUI WAN** | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 20-cv-3233 |
| | ) |
| **MICHEL DALE DEBOLT** | ) |
| | ) |
| Respondent. | ) |

**ORDER**

**SUE E. MYERSCOUGH, U.S. District Judge:**

On March 22, 2021, the Court held a Final Pretrial Conference with the parties and counsel of record, at which time several pretrial issues were discussed. The Court made the following rulings.

The Court denies Petitioner's motion in limine no. 1 seeking to exclude certain opinion testimony of Dr. Alan Jaffe (d/e 93, p. 2). "An expert may base an opinion on facts or data in the case that the expert has been made aware of or personally observed." Fed. R. Evid. 703. Dr. Jaffe is relying on third party data to support his expert opinions, which the Court finds proper. Additionally, Dr.

Jaffe's inadvertent failure to disclose a few articles does not warrant barring his testimony.

The Court denies Petitioner's motion in limine no. 2 – incorrectly labeled as no. 3 – seeking to preclude non-disclosed information by Phil C.W. Chan. <u>See</u> d/e 93, p. 2. The Court understands that Dr. Chan will rely on new information as the current events in Hong Kong develop. However, Dr. Chan's opinions remain the same. Therefore, preclusion is unnecessary.

The Court grants in part and denies in part Petitioner's motion in limine no. 3 seeking to preclude eavesdropping evidence. <u>See</u> d/e 93, p. 14. While Respondent has produced some of the video and audio recordings he took of Petitioner and the children, all video and audio recordings have not been produced. After the Court's review of Respondent's deposition and the briefing on this issue, the Court does not find any potential illegal conduct. In fact, Respondent argued in his response to Petitioner's motion in limine that the video and audio was not recorded illegally. Neither party has clearly established Hong Kong or Chinese law on this issue. Video and audio recordings, not just those useful to Respondent's defense, would assist the Court in evaluating all issues in the case.

Therefore, the Court reverses in part its prior Order (d/e 94) denying Petitioner's appeal (d/e 86) with respect to Petitioner's request for additional video and audio recordings by Respondent. Respondent is directed to notify the Court on March 23, 2021, prior to the commencement of trial how many video and audio recordings exist.  The Court is denying in part Petitioner's motion in limine no. 3 in that Petitioner's request to bar the video and audio recordings is denied.

The Court denies Petitioner's motion in limine no. 4 seeking to preclude the document prepared by Barrister Kay K. Chan, which Respondent intends to introduce as evidence.  The Court finds this evidence useful in evaluating the issues in the case.  Moreover, Federal Rule of Civil Procedure 44.1 allows the Court to "consider any relevant material or source, including testimony, whether or not submitted by a party or admissible under the Federal Rules of Evidence."  Fed. R. Civ. P. 44.1.

The Court reserves ruling on Respondent's motion for in camera interview of minor child (d/e 91).

The Court denies Respondent's motion in limine to bar Petitioner's rebuttal expert, Dr. Robert Shapiro (d/e 89).  Rebuttal

evidence is used "to contradict, impeach[,] or defuse the impact of the evidence offered by an adverse party." <u>Peals v. Terre Haute Police Dep't</u>, 535 F.3d 621 (7th Cir. 2008).  Dr. Shapiro's opinions are being offered to rebut Respondent's expert, Dr. Jaffe, whose opinions are being offered in support of Respondent's affirmative defenses.  The Court finds that Dr. Shapiro's opinions are proper rebuttal evidence.

Petitioner made an oral motion to take the deposition of Barrister Kay K W Chan and submit a rebuttal report.  The Court grants Petitioner's oral motion and directs the parties to take the deposition of Barrister Chan in an expedited fashion at some point during the trial in this matter.  Petitioner is allowed to submit a brief rebuttal report.

Over Petitioner's objection, the Court admits the expert reports of Drs. Chan (Respondent's Exhibit No. 155) and Marwah (Petitioner's Exhibit No. PX80).

The Court has also considered the objections to the parties' deposition designations and rules as follows.  The Court overrules Respondent's objections (d/e 106-2, pp. 141-43) to Petitioner's designations of Michel Debolt's deposition.  The Court also

overrules Respondent's objections (d/e 106-2, p. 144) to Petitioner's designations of Pen-Yuen Beth Chang's deposition.

While designations were not made to Respondent's deposition relating to the video and audio recordings made by Respondent[1], the Court overrules Respondent's objections based on the 5th Amendment made at his deposition.

**IT IS THEREFORE ORDERED:**

(1)  Respondent is DIRECTED to notify the Court prior to the commencement of the bench trial on March 23, 2021, how many video and audio recordings exist, which Respondent took of Petitioner and/or the children.

**ENTERED: March 22, 2021**

**FOR THE COURT:**

                *s/ Sue E. Myerscough*
                **SUE E. MYERSCOUGH**
                **UNITED STATES DISTRICT JUDGE**

---

[1] For example, see objection based on 5th Amendment on page 286 of Respondent Michel Debolt's deposition.